Berry, Respondent, vs. Merchants Life & Casualty Company, Appellant.

*September 21—October 16, 1923.*

*Insurance: Occupation of applicant: Change without notice to insurer: Liability of insurer: Provisions in policy reducing liability: How printed: Approval of policy by insurance commissioner.*

1. An applicant for a $1,000 health and accident insurance policy who gave his occupation as that of "only farming, not for hire" began working for a logging contractor after the policy

was issued but without notice to the insurer, and was killed by a falling tree. The classification of risks and insurance rates and the provisions of the policy having limited the liability for death to a person employed as a logger or laborer in the woods to $100, the insurer is not liable to a greater amount than it would have been had the insured been described as a logger and laborer.

2. Sub. 2, sec. 1960, Stats., requiring all provisions of a health and accident policy which purport to reduce indemnity under certain circumstances to be printed in bold-face type and with greater prominence than any other portion of the text of the policy, was not violated where such provisions were printed in bold-face type, although in not as large type as titles, marginal notes, headings, etc.

3. Where an insurance company has a license to transact business within this state, it will be presumed that the form of its policy has been approved by the insurance commissioner; and the construction of the commissioner that the statute does not require that the provision limiting or reducing liability be printed in larger type than the titles, subtitles, and headings is a permissible one, and is conclusive.

APPEAL from a judgment of the circuit court for Sawyer county: JAMES WICKHAM, Circuit Judge. *Reversed.*

Action for death loss. On September 2, 1920, one Chauncey Clark Berry made application in writing to the defendant for a health and accident insurance policy. In the application, a copy of which was made part of the policy, the applicant gave his occupation as that of a farmer and his duties in that occupation "only farming, not for hire." A policy of insurance was duly issued in which *Lottie Berry,* the plaintiff, mother of the insured, was named as beneficiary. The policy contained a provision that if the injuries suffered by the insured should result in death the company would pay $1,000 to the beneficiary. The policy was issued in accordance with the provisions of the law of the state of Wisconsin. On January 2, 1922, while the policy was in force, the insured, while working for a logging contractor, was killed by a falling tree upon which he was working. No notice of change of occupation was given by the insured. In its answer the defendant set up

that by standard provision number one the plaintiff was entitled to receive only the sum of $100, which sum was tendered in settlement. Upon the trial it appeared without substantial dispute that by the classification of risks and insurance rates in effect at the time of the insured's death the limit of liability for death to a person employed as logger or laborer in the woods was that for Class X, which was $100. It appears that the defendant company was licensed to transact business in the state of Wisconsin.

At the close of the trial a verdict was directed by the court and the plaintiff had judgment thereon for the sum of $1,000, from which the defendant appeals.

For the appellant there was a brief by *P. W. Guilford* of Minneapolis and *W. V. Silverthorn* of Hayward, and oral argument by *Mr. Guilford*.

For the respondent there was a brief by *J. C. Davis* of Hayward and *Sanborn, Lamoreux & Pray* of Ashland, and oral argument by *Mr. Davis*.

ROSENBERRY, J. We are not called upon in this case to deal with a situation resembling that presented by the facts in *Arneberg v. Continental Cas. Co.* 178 Wis. 428, 190 N. W. 97. While the insured was incorrectly classified to the knowledge of the agent who wrote the policy, he was not at the time of his death engaged in a class of work which entitled him to the benefits of the classification given him by the agent. In this case there was an entire change of occupation and it is not shown that the agent, at the time of the writing of the insurance, had any knowledge or information touching the change. Under the repeated decisions of the court, therefore, the defendant is liable to the plaintiff for no more than the amount it would be liable for if the occupation of the deceased had been described as a logger or worker in the woods, and it is conceded that its liability in that event would be $100; provided, however, that the provision of the policy reducing the amount of the

loss by change of occupation was available to it under the law.

Sub. 2, sec. 1960, Stats., is as follows:

"No such policy shall be issued or delivered . . . (6) unless the exceptions of the policy be printed with the same prominence as the benefits to which they apply, provided, however, that any portion of such policy which purports, by reason of the circumstances under which a loss is incurred, to reduce any indemnity promised therein to an amount less than that provided for the same loss occurring under ordinary circumstances, shall be printed in bold-face type and with greater prominence than any other portion of the text of the policy."

The policy in this case was printed in the usual form; the name of the company appeared at the top of the first page in very large type; throughout the policy there were marginal notations, titles, and subheads. Those provisions of the policy upon which the defendant relied were printed in bold-face type, but it is claimed by the plaintiff that although printed in bold-face type they were not printed with "greater prominence" than any other portion of the text of the policy.

It should be borne in mind that under the ruling in *Lundberg v. Interstate B. M. Acc. Asso.* 162 Wis. 474, 156 N. W. 482, it must be presumed under the circumstances, the defendant having a license to transact business in this state, that its policy form had been approved by the insurance commissioner. This is not a case where, as was said in *Williams v. Travelers Ins. Co.* 168 Wis. 456, 169 N. W. 609, 959, "There is no question of fact to be determined but simply a plain violation of the command of the statute." The insurance commissioner apparently interpreted the word "text" as having its ordinary meaning or signification, which is as defined in Webster's International Dictionary:

"The main body of matter on a printed or written page, as distinguished from notes, etc.; the letterpress, as distinguished from illustrations and the margins."

Reference to the text of a document is not ordinarily intended to refer either to its titles, subtitles, headings, or marginal notes. Certainly it cannot be said that, the provision in question having been printed in bold-face type, the plain command of the statute was violated. The contention of the plaintiff would require that the provision limiting or diminishing the liability of the insurer should be printed in larger type than any other portion of the policy, including its titles, subtitles, and headings. The construction given by the insurance commissioner is certainly a permissible one and under the *Lundberg Case* is conclusive. The plaintiff is entitled to recover no more than the amount specified in Class X, being the indemnity due for death of a person engaged as a logger or worker or laborer in the woods.

*By the Court.*—Judgment reversed, with directions to enter judgment in accordance with this opinion.