VAN DUSEN *v.* INTERSTATE BUSINESS MEN'S ASSOCIA-
TION OF DES MOINES, IOWA.

1. INSURANCE—HEALTH AND ACCIDENT INSURANCE—CONSTRUCTION
OF POLICY.
Where the heading of a clause in an insurance policy
must be read in connection with the clause following in
order to make a complete contract, it must be construed
as part of the clause rather than as a heading merely.

2. SAME—EXCEPTIONS—STATUTE—VIOLATION OF STATUTE.
Printing the benefits in an insurance policy as a heading
in bold-face type and the exceptions following in smaller
type, where both must be construed together to make a
contract, constituted a violation of Comp. Laws Supp.
1922, § 9100 (157), and, under section 9100 (164), recovery
in such case should be had thereunder with the restricted
clause eliminated.

3. SAME—EVIDENCE—SUFFICIENCY.
Evidence as to plaintiff's physical condition, *held*, suf-
ficient to bring him within the contract of the policy.

4. APPEAL AND ERROR—INSURANCE—SUFFICIENCY OF PROOFS.
The decision of the trial court, in an action on an insur-
ance policy, that the proofs were sufficient to comply with
the requirements of the policy, is conclusive, in the ab-
sence of assignment of error thereon.

Error to Kent; Perkins (Willis B.), J.    Submitted
October 5, 1926.    (Docket No. 8.)    Decided January
3, 1927.

Assumpsit by Charles F. Van Dusen against the In-
terstate Business Men's Association of Des Moines,
Iowa, on a policy of insurance.    Judgment for plain-
tiff on a directed verdict for less than amount claimed.
Plaintiff brings error.    Reversed.

¹Insurance, 32 C. J. § 269; ²Id., 32 C. J. § 214; ³Health In-
surance, 29 C. J. § 9; ⁴Appeal and Error, 3 C. J. § 1474.

*Laurence W. Smith* and *Charles G. Turner*, for appellant.

*Henry E. McCurry* and *Leroy J. Herman*, for appellee.

Bird, J.    Plaintiff, in 1917, was engaged in running a novelty store in Lowell.    In October of that year he took a health and accident policy with defendant in which it agreed that in the event of sickness it would pay him the following sums:

"Loss by Disease:
Nonhouse Confinement—$10 a week for 10 weeks.
The insurance provided shall cover only in the event that the insured shall be compelled to refrain from performing any act of business, and be under the constant treatment and care of a regular physician, and during the uninterrupted period of such disability.
House Confinement—$25 a week for 52 weeks.
The insurance provided shall cover only in the event that the insured shall be compelled to remain continuously and strictly within the house and be under the constant care and treatment of a regular physician during the period of such confinement."

(The plat found printed in the margin shows the relative size of the type as it appears in the policy.)

Plaintiff's bill of particulars called for payment of partial house confinement from March 1st to April 15, 1925, 6 weeks, $60, and 38 weeks, from April 15th to January 7, 1926, at $25 per week, for house confinement, $950.    Defendant pleaded the general issue

## Loss by Disease

## House Confinement—

The insurance provided shall cover only in the event within the house and be under the constant care and treat

and gave notice, in substance, that it would show that plaintiff's illness did not bring him within either of the foregoing provisions of the policy.     The proofs show that plaintiff's condition was so bad on March 30, 1925, that he consulted Dr. Lee, who found him suffering from hardening of the arteries, and his blood pressure registered 255.     Plaintiff was under the care of Dr. Lee until the middle of the summer, and later under the care of Dr. Green.     He gradually grew worse and finally gave up practically all business, but was not confined to the house all of the time.     He would walk down to the store, to the doctor's office, and elsewhere for exercise under the direction of his doctor.     At the close of the trial the court, with the consent of defendant's counsel, directed a verdict for plaintiff of $60 on account of nonhouse confinement, but held that he was entitled to nothing under the "house confinement" clause which provided $25 per week.     This was based upon plaintiff's admission that he was not strictly confined to the house, although he was under the care of a physician most of the time.

Plaintiff raises the question that the restrictive clauses immediately following the house confinement clause and the nonhouse confinement clause should be eliminated by reason of the following statute:

"**Conditions to Issuance of Policy.**     No such policy shall be so issued or delivered.    *    *    *    (6) unless the exceptions of the policy be printed with the same prominence as the benefits to which they apply:  *Provided, however,*  That any portion of such policy which purports, by reason of circumstances under which a loss is incurred, to reduce any indemnity promised therein to an amount less than that provided for the same loss occurring under ordinary circumstances, shall be printed in bold face type and with greater prominence than any other portion of the text of the policy."     Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [157]).

The trial court refused to apply the statute because he was of the opinion that the words "house confinement, $25 a week for 52 weeks," was simply a heading and not a part of the insuring clause. We are unable to agree with the trial court in this construction. If it were merely a heading, what follows should make a complete contract. If this supposed heading should be eliminated there would be no contract left. It is plain, therefore, that, if there is to be a contract, the so-called heading must be construed as a part of the insuring clause. The restrictive clauses by themselves mean nothing, but, when coupled with the so-called heading, make a contract. If this conclusion be right, then it comes directly within the inhibition of the statute and is invalid.

The legislature, evidently foreseeing that an insurance contract that was declared invalid for such reason might defeat all benefit to the insured, passed the following section:

"A policy issued in violation of this chapter shall be held valid but shall be construed as provided in this chapter and when any provision in such policy is in conflict with any provision of this chapter, the rights, duties and obligations of the insurer, the policy holder and the beneficiary shall be governed by the provisions of this chapter." Comp. Laws Supp. 1922, § 9100 (164).

Under this section, the insured would be entitled to recover on the contract with the restricted clause eliminated. *Isaacson* v. *Insurance Co.*, 187 Wis. 25 (203 N. W. 918); *Williams* v. *Insurance Co.*, 168 Wis. 456 (169 N. W. 609, 959). We then have this situation: The defendant promised to pay plaintiff the sum of $25 a week for 52 weeks for house confinement, and $10 a week for 10 weeks for nonhouse confinement, on account of sickness or disease.

The record showed that plaintiff, at the end of the six weeks partial house confinement, was in a very

serious condition. He was incapacitated for any kind of business or work. He could not dress himself without help. He went out on occasions for exercise on advice of his physician. He had an incurable malady and was unable to attend the trial. We think the plaintiff's physical condition as shown was such as to bring him within the contract. *Letherer* v. *Insurance Co.*, 145 Mich. 310. Under this view, it will be unnecessary to consider what the status of plaintiff might be if the restrictive clause were applied.

The court was right in applying the clause of non-house confinement, but was in error in holding that no recovery could be had under the "house confinement" clause.

Defendant discusses the question whether the proofs of the case were sufficient to comply with the requirement of the policy. That question was discussed before the trial court and decided by it adversely to defendant, and, as it has not appealed, the question will not be considered.

The judgment is reversed and a new trial granted. Plaintiff will recover his costs in this court.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.