## UNITED STATES FIDELITY & GUARANTY CO. v. GUENTHER.

Circuit Court of Appeal, Sixth Circuit.
April 3, 1929.

No. 5107.

C. M. Horn, of Cleveland, Ohio (Dustin, McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio, on the brief), for plaintiff in error.

William M. Byrnes, of Cleveland, Ohio (Wm. A. Kane and Quigley & Byrnes, all of Cleveland, Ohio, on the brief), for defendant in error.

Before HICKS, HICKENLOOPER, and KNAPPEN, Circuit Judges.

HICKENLOOPER, Circuit Judge. John F. Guenther, plaintiff below, recovered judgment against the United States Fidelity & Guaranty Company upon a policy of automobile insurance indemnifying him against loss and/or expense arising in consequence of any accident occurring within the limits of the United States and Canada by reason of the use of the automobile covered. Plaintiff was a resident of the city of Cleveland, Ohio. The accident occurred in the adjoining municipality of Lakewood while the automobile was being operated by an employee of the plaintiff who was more than 16 years of age, but less than 18. At the time of the accident an ordinance was in force in the city of Lakewood making it unlawful "for any owner, bailee, lessee or custodian of any motor vehicle to permit a minor under the age of 18 years to operate or run said motor vehicle upon public highways, streets or alleys in said city of Lakewood." The policy specifically provided: "This policy is subject to the following conditions: (A) The policy shall not cover any liability of the insured while being operated by any person under the age limit fixed by law, or under the age of 16 years in any event." It is here claimed that, by reason of this provision of the policy and the existence of the ordinance, no recovery can be had upon the policy.

Passing the contention that the ordinance does not "fix an age limit" for the operation of an automobile per se, the sole remaining question for determination is one of construction, whether this phrase of the policy was intended to preclude liability

where the age limit is fixed by municipal ordinance and no limit is fixed by state statute. Manifestly the provision is "to be construed according to the sense and meaning of the terms which the parties have used, and, if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense." Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 463, 14 S. Ct. 379, 381 (38 L. Ed. 231). But if the policy "is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured." Thompson v. Phœnix Ins. Co., 136 U. S. 287, 297, 10 S. Ct. 1019, 1023 (34 L. Ed. 408), citing First National Bank v. Ins. Co., 95 U. S. 673, 678, 24 L. Ed. 563. See, also, Liverpool, etc., Ins. Co. v. Kearney, 180 U. S. 132, 136, 21 S. Ct. 326, 45 L. Ed. 460; Schambs v. Fidelity & Casualty Co., 259 F. 55 (C. C. A. 6), 6 A. L. R. 1231, and O'Brien v. North River Ins. Co., 212 F. 102, 105 (C. C. A. 4), L. R. A. 1917C, 722. Resort cannot be had to this latter rule to nullify the plain and obvious provisions of an insurance policy. Cf. Interstate Business Men's Accident Ass'n v. Lewis, 257 F. 241, 244 (C. C. A. 8); Canton Ins. Office v. Independent Transp. Co., 217 F. 213 (C. C. A. 9), L. R. A. 1915C, 408. But the question remains whether the language used is in fact susceptible to a double meaning, or, otherwise expressed, whether it will fairly and reasonably support that construction upon which liability of the insurer may be sustained.

Judge Westenhaver, in his opinion in the court below, decided this question in the following language: "The expression 'by law' is at least susceptible of two constructions. It may mean or be fully satisfied by limiting it to a law enacted by the Legislature of a state. Ordinarily, when one speaks of the 'law,' this is what is meant. One thus speaking has in mind a rule of conduct of uniform and general application prescribed by the supreme law-making body of some sovereignty. Ordinarily, when one speaks of a law, one does not have in mind ordinances, by-laws, or regulations of a municipality. * * * The insurer, had it been intended to include municipal ordinances, could very easily have said so. In Cuyahoga county there are more than 50 municipalities having equal right to enact ordinances of the same nature as the one in question. It cannot be held that the contract contemplates that every insured should investigate and learn whether an ordinance fixing an age limit was in force in all these municipalities before entrusting his automobile to someone else." In this interpretation of the language used in the policy we concur.

It is earnestly contended that the Supreme Court of the United States, and this court, have repeatedly held that the ordinances of a municipality, passed in the exercise of a power delegated to it by the state, are to be considered as laws of the state, within the meaning of the constitutional provision that no state shall pass any law impairing the obligation of contracts, citing Iron Mountain R. Co. v. Memphis, 96 F. 113 (C. C. A. 6); Cumberland Tel. & Tel. Co. v. Memphis, 198 F. 955 (three-judge case, D. C. Tenn.); New Orleans Water-Works Co. v. Louisiana Sugar Ref. Co., 125 U. S. 18, 8 S. Ct. 741, 31 L. Ed. 607. This doctrine is of but little assistance in the solution of our question, for such question is not whether the language used would also reasonably support the inclusion of municipal ordinances fixing an age limit, but rather whether such language could not, as reasonably, be considered as relieving the company of liability only in cases of violation of state legislation. For instances, where similar language was so limited to state enactment, see Fullwood v. Canton, 116 Ohio St. 732, 158 N. E. 171; Rosenberg v. Selma, 168 Ala. 195, 52 So. 742; Taylor v. Philadelphia, 261 Pa. 458, 104 A. 766; Wright v. Macon, 5 Ga. App. 750, 763, 64 S. E. 807; Royal Indemnity Co. v. Schwartz (Tex. Civ. App. 1915) 172 S. W. 581 (semble contra).

The fact that the territory covered by the policy is specifically stated as within the limits of the United States and Canada, the myriad of separate municipalities within these territorial limits, the fact that the accident occurred in a municipality other than that of the residence of the plaintiff, the manifest double meaning of the words "by law," the use of these words in both senses in general parlance and judicial opinion, the fact that the state and not the municipality is the natural governmental unit under consideration by the parties when writing insurance, the fact that, had it been intended to include municipal ordinances, this could have been so easily stated, and the application of the rule of construction to be applied under such circumstances, constrain us to the opinion that liability is not avoided by the fact that the operator of the automobile was less than 18 years of age. He was more than 16 years of age, and the policy fixes this age limit in the absence of other age limit "fixed by law." To hold as we here do does not make

inoperative any term or provision of the policy, but does construe the policy provisions in use in all the states as applying the age limit fixed by state-wide legislation, if any, and if not less than 16 years, but in the absence of state-wide legislation, as in Ohio, or if such legislation fixes a limit less than 16, then as providing that 16 years shall be considered the applicable age limitation.

The judgment of the court below is affirmed.