## KIRKBY v. FEDERAL LIFE INS. CO.

Circuit Court of Appeals, Sixth Circuit.
October 11, 1929.

No. 5189.

directly and independently of all other causes from bodily injuries, sustained through external, violent and accidental means for the amounts and in the manner set forth in Parts I, II and III. * * *

### PART I

The Company will pay for loss of

| | |
|---|---|
| Life | $7,500.00 |
| Both feet | 7,500.00 |
| Both hands | 7,500.00 |
| Sight of both eyes | 7,500.00 |
| One hand and sight of one eye | 7,500.00 |
| One foot and sight of one eye | 7,500.00 |
| One hand and one foot | 7,500.00 |
| Sight of one eye | 3,750.00 |
| Either hand | 3,750.00 |
| Either foot | 3,750.00 |
| Weekly indemnity for loss of time (as defined in Part IV) | 10.00 |

sustained by the wrecking or disablement of any passenger vehicle or passenger car operated by a common carrier in or on which the Insured is traveling. * * *

### PART II

The Company will pay for loss of

| | |
|---|---|
| Life | $2,000.00 |
| Both feet | 2,000.00 |
| Both hands | 2,000.00 |
| Sight of both eyes | 2,000.00 |
| One hand and sight of one eye | 2,000.00 |
| One foot and sight of one eye | 2,000.00 |
| One hand and one foot | 2,000.00 |
| Sight of one eye | 1,000.00 |
| Either hand | 1,000.00 |
| Either foot | 1,000.00 |
| Weekly Indemnity for loss of time (as defined in Part IV) | 10.00 |

sustained by the wrecking or disablement of any vehicle or car operated by any private carrier or private person in which the Insured is riding or by being accidentally thrown therefrom. * * *

### PART III

The Company will pay for loss of

| | |
|---|---|
| Life | $1,000.00 |
| Both feet | 1,000.00 |
| Both hands | 1,000.00 |
| Sight of both eyes | 1,000.00 |
| One hand and sight of one eye | 1,000.00 |
| One foot and sight of one eye | 1,000.00 |
| One hand and one foot | 1,000.00 |
| Sight of one eye | 500.00 |
| Either hand | 500.00 |
| Either foot | 500.00 |
| Weekly Indemnity for loss of time (as defined in Part IV) | 10.00 |

sustained (a) by being run over, etc. [Here follows five methods of injury, all non-applicable in this case.] * * *

### GENERAL PROVISIONS

This insurance does not cover

(a) Suicide or attempt thereat while sane or insane.

(b) Death or loss while riding or driving in races or while testing any automobile on tracks or speedways.

(c) Death or loss while in or on any vehicle or mechanical device for aerial navigation, or in falling therefrom or therewith or while operating or handling any such vehicle or device.

(d) Death or loss while in, on or operating or handling any submarine.

(e) Death or loss while outside the territorial limits of the continental United States of America and the Dominion of Canada.

(f) Death or loss caused by any other means or conditions than those set forth in Parts I, II or III, nor in any case where death or loss which does not occur within sixty days from the date of the accident.

(g) Disability caused by any other means or under other conditions than those specified in Part IV. * * *

Laurence W. Smith, of Grand Rapids, Mich. (Charles G. Turner, of Grand Rapids, Mich., on the brief), for appellant.

Mark Norris, of Grand Rapids, Mich. (Knappen, Uhl & Bryant, of Grand Rapids, Mich., on the brief), for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge. On April 18, 1925, Harry A. Kirkby took an accident insurance policy with appellee. The material parts of the contract are found in the margin,[1] and are in the same relative type and position as they appear in the original.

---

[1] FEDERAL LIFE INSURANCE COMPANY hereby does insure Harry A. Kirkby * * * against death, dismemberment or disability resulting * * *

During the life of the policy Kirkby met his death accidentally by asphyxiation, caused by inhaling carbon monoxide gas from the exhaust of his automobile while attempting to repair it. Mrs. Kirkby, the beneficiary, brought suit.

Appellee admitted that Kirkby's death was accidental, but the defense was that it was not caused by any of the means or in any manner conditioned by the contract. Upon the other hand, appellant insists that the insuring clause of the policy beginning with "Federal Life Insurance Company" and closing with the phrase "weekly indemnity for loss of time (as defined in Part IV) 10.00" constitutes a complete contract covering death by asphyxiation, and that the manner and means of death as set forth in parts I, II, and III should be construed as exceptions thereto, and that as such they were not printed with the same prominence as were the indemnity benefits, as required by 1922 Supp. Mich. C. L. 1915, § 9100 (157 and 164); that therefore, in virtue of this statute as construed by Van Dusen v. Business Men's Association, 237 Mich. 294, 297, 211 N. W. 991, the asserted exceptions must be disregarded and plaintiff awarded judgment for the full indemnity of $7,500.

By stipulation the court tried the case without a jury and found as a fact that the indemnity benefits under the headings "Part I, Part II, and Part III" were printed in ten-point boldface type and the balance of such parts was in type of which the face was ten-point Roman. In other words, the asserted exceptions were not printed with the same prominence as were the benefits. This finding of fact was conclusive, and is not open for review here, but the court held that the contract for indemnity was limited to death or injury sustained by the specific means set forth in parts I, II, and III; that Kirkby's death was not sustained by either of them; that there was no provision in the policy to pay indemnity generally or under any circumstances other than specifically stated in parts I, II, and III; that the policy contained neither exceptions nor provisions reducing "indemnity promised" within the meaning of the statute; and that the policy was therefore printed in conformity with the law. It followed that the suit was dismissed. We concur.

By "exception" of course is meant an exclusion of one or more of the risks otherwise generally insured against and the statute (the material parts of which are printed in the margin)[2] recommended by the National Association of Insurance Commissioners and more or less uniform in several of the states, was for the purpose of protection to the policyholder in that if the policy were printed in accordance therewith it gave the holder the same opportunity to know as well the risks excluded as those covered. But if the exceptions are not printed with the same prominence as the benefits, they are to be wholly disregarded, and the contract read as though they were not incorporated in the policy at all. Van Dusen v. Business Men's Ass'n, supra; Thorne v. Ætna Life Ins. Co., 155 Minn. 271, 193 N. W. 463; Hodgson v. Pref. Acc. Ins. Co., 100 Misc. Rep. 155, 165 N. Y. S. 293, 295.

The statute affects the policy in its printed aspect only. It makes no attempt to control either the subject-matter or phraseology thereof. It does not undertake to specify the risks an insurance company may or may not incur. Parties to insurance contracts may contract for what accidents and risks the company shall and shall not be liable. Hawkeye Commercial Men's Association v. Christy (C. C. A. 8) 294 F. 208, 213; Commonwealth Cas. Co. v. Aichner (C. C. A. 8) 18 F. (2d) 879, 882 (certiorari denied) 275 U. S. 556, 48 S. Ct. 117, 72 L. Ed. 424. If they desire to limit liability for death by accident under particular circumstances and by specific means, it is competent to do so, and, if the agreement is clear and unambiguous, the courts have no authority to create an ambiguity where none exists. They must accept the language of the contract in its plain,

---

[2] 1922 Supp. Mich. C. L., 1915, Sec. 9100 (157 and 164):

Sec. 9100 (157). Conditions to issuance of policy. Sec. 13. No such policy shall be so issued or delivered * * * (4) Unless every printed portion thereof and of any indorsements or attached papers shall be plainly printed in type of which the face shall not be smaller than ten point; nor (5) unless a brief description thereof be printed on its first page and on its filing back in type of which the face shall be not smaller than fourteen point; nor (6) unless the exceptions of the policy be printed with the same prominence as the benefits to which they apply: Provided, however, that any portion of such policy which purports, by reason of circumstances under which a loss is incurred, to reduce any indemnity promised therein to an amount less than that provided for the same loss occurring under ordinary circumstances, shall be printed in bold face type and with greater prominence than any other portion of the text of the policy."

Sec. 9100 (164). Policies issued in violation. Sec. 20. A policy issued in violation of this chapter shall be held valid but shall be construed as provided in this chapter and when any provision in such policy is in conflict with any provision of this chapter, the rights, duties and obligations of the insurer, the policyholder and the beneficiary shall be governed by the provisions of this chapter.

popular, and ordinary sense. The contracting parties may choose their own language and style of composition. They may embody their intention in the form of an agreement to insure against death or injury by accidental means generally and by appropriate exceptions eliminate therefrom all risks intended to be excluded, or they may by direct statement incur liability for specific risks only. The last was the course adopted here. The applicable clause insures "against death * * * resulting * * * directly and independently of all other causes from bodily injuries sustained through external, violent and accidental means for the amounts and in the manner set forth in Parts I," etc. Then follows part I: "The Company will pay for loss of life * * * $7,500.00 * * * sustained by the wrecking or disablement of any passenger vehicle or passenger car operated by a common carrier in or on which the insured is traveling. * * * " This clause creates liability for a specific sum in case of accidental death under particular circumstances. Under the general provisions of the policy in ten-point boldface type similar in all respects to the type in which the benefits are printed, it is specifically and plainly stated that this insurance does not "cover death or loss caused by other means or conditions than those set forth in Parts I," etc. In compliance with the statute and as found by the court, there is printed on the face and filing back in type of which the face was not smaller than fourteen point, the following printed description, to wit: "This policy provides indemnity for loss of life, limb, limbs, sight or time caused by accidental means, to the extent herein limited and provided."

In our view the contract carries no suggestion of exceptions or provisos. It does not purport to reduce any promised indemnity. It contains nothing obscure or doubtful. Its terms taken in their plain, ordinary, and popular sense are easily understood and leave nothing for interpretation by the courts. Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 463, 14 S. Ct. 379, 38 L. Ed. 231; U. S. Fid. & Guar. Co. v. Guenther, 31 F.(2d) 919, 920 (C. C. A. 6); Standard Life & Acc. Ins. Co. v. McNulty, 157 F. 224, 226 (C. C. A. 8); Commonwealth Cas. Co. v. Aichner, supra; Hawkeye Commercial Men's Ass'n v. Christy, supra. In the last case Judge Sanborn said:

"Where the parties to an agreement have expressly contracted in writing that an insurance company shall or shall not be liable for a certain class of risks or accidents and have made no exception of any of them, the conclusive legal presumption is that they intended to make none, and it is not the province of the courts to do so."

Plaintiff's difficulty is that she is confronted with the "exigencies of a hard case." Delaware Ins. Co. v. Greer, 120 F. 916, 921, 61 L. R. A. 137 (C. C. A. 8); Standard Life & Acc. Ins. Co. v. McNulty, supra; Hawkeye Commercial Men's Ass'n v. Christy, supra.

There is no suggestion in the policy of liability for death by asphyxiation. Kirkby's death can by no possibility be brought within the conditions of the policy except and unless the policy is construed as one providing indemnity for death by accidental means generally followed by exceptions improperly printed and thus falling under the ban of the statute. But, as indicated, there is nothing to justify such construction. It is irrational. It would demand the elimination of the phrase, "and in the manner set forth in Parts I, II and III," in the insuring clause, and require the express or implied insertion of provisos and exceptions where none exist. Further, to construe the contract to meet plaintiff's claim for indemnity in the sum of $7,500 would seem to require the elimination altogether of the promised indemnities in the amounts of $2,000 and $1,000, respectively, for loss of life set forth in parts II and III. In short, as stated by Judge Sanborn in Hawkeye Commercial Men's Association v. Christy, supra, the construction would ascribe to the parties a purpose and make and enforce for them a contract which their writings neither express nor suggest, and this is beyond the province of the court.

Upon the whole, the judgment of the lower court is affirmed.