DROGULA v. FEDERAL LIFE INSURANCE CO.

1. INSURANCE—PROVISION OF STATUTE AS TO PROMINENCE OF BENE-
FITS AND EXCEPTIONS SUBSTANTIALLY COMPLIED WITH.

Provision in statute (Comp. Laws 1922, § 9100 [157]), requir-
ing that exceptions of policy be given same prominence as
benefits, *held*, substantially complied with in accident policy,
where provision for indemnity was all embodied in one sentence
printed in 10-point type, although benefit was printed in
bold-face type, and condition under which it was payable was
printed in light-face type.

2. SAME—APPROVAL BY INSURANCE COMMISSIONER.

That insurance policy has been approved by State insurance
commissioner in accordance with requirements of insurance law
is somewhat persuasive of its compliance with statute (Comp.
Laws 1922, § 9100 [157]), in respect to form and terms.

3. SAME—LOSS OF HAND NOT WITHIN TERMS OF POLICY.

Loss of hand, caught in cogs of machine while insured was
operating road roller on highway going from one place of
work to another, was clearly not sustained by wrecking or
disablement of any vehicle or car operated by any private
carrier or private person in which insured is riding or by
being accidentally thrown therefrom, and therefore not within
terms of policy.

4. SAME—ACCIDENT POLICY—REFORMATION OF INSTRUMENTS—EQ-
UITY.

Where application for accident policy was in writing and con-
tained no reference to alleged oral misrepresentations of solic-
itor, and insured failed to read his policy, he is not equitably
entitled, ten months later, and after accidental loss of hand,
to reformation of policy to cover his loss, on ground of
fraudulent misrepresentations of insurer's agent.

Appeal from Gogebic; Driscoll (George O.), J.
Submitted October 22, 1929. (Docket No. 40, Calen-
dar No. 34,401.)  Decided December 3, 1929.

As to extent of loss or mutilation of member contemplated by
provision of accident insurance policy, see annotation in L. R. A.
1915D, 264; 18 A. L. R. 1339.

Bill by Nick Drogula against the Federal Life Insurance Company, a corporation, to reform an insurance policy and recover thereunder for an injury sustained. From a decree granting relief prayed, defendant appeals. Reversed.

*Jones & Patek,* for plaintiff.

*Waples & Waples (Jerome F. Kutak,* of counsel), for defendant.

NORTH, C. J. Plantiff filed a bill in equity to secure reformation of an accident insurance policy and to recover thereunder for an injury sustained. The relief sought was granted, and defendant has appealed. The fraud alleged as a ground of relief is that in securing plaintiff's application defendant's solicitor represented that the policy covered any injury plaintiff might receive while traveling in any motor vehicle upon a highway. Plaintiff alleges that he believed the statement of the defendant's agent and relied upon it in applying for and accepting the policy; and that he did not read the policy. It is also urged by plaintiff that certain limitations upon indemnities provided for in this policy are not printed in the manner required by the statute, Comp. Laws Supp. 1922, § 9100 (157), which provides:

"No such policy shall be so issued or delivered * * * (6) unless the exceptions of the policy be printed with the same prominence as the benefits to which they apply: *Provided, however,* That any portion of such policy which purports, by reason of circumstances under which a loss is incurred, to reduce any indemnity promised therein * * * shall be printed in bold face type and with greater prominence than any other portion of the text of the policy."

While operating a road roller on the highway in going from one place to another where work was to be done, plaintiff's right hand was caught in the cogs of the machine. He suffered the loss of his thumb, a large portion of the first three fingers, the tip of the little finger, and the little finger is stiffened. The attending physician corroborated plaintiff's testimony that the injured hand is useless; and the claim is made that plaintiff's injury is tantamount to the loss of the whole hand.

Part three of the policy provides:

"The company will pay for loss of  *  *  *  either hand $1,000  *  *  *  (sustained by the wrecking or disablement of any vehicle or car operated by any private carrier or private person in which the insured is riding or by being accidentally thrown therefrom)."

This provision of the policy under which plaintiff seeks to recover, is all printed in ten-point type, commonly known as long primer; but the portion preceding the parenthetical marks is in the bold-face type, while that included within the parentheses is in light-face type. Inasmuch as this provision for indemnity incident to the loss of a hand is all embodied in one sentence, we think the form of printing is acceptable and substantially in accordance with the requirements of the statute. The instant case differs from *Van Dusen* v. *Business Men's Ass'n,* 237 Mich. 294, in that the provision here under consideration is all in ten-point type. In the *Van Dusen Case* there was a decided difference in the style of type used. There are seven exceptions to or limitations upon the risks covered by this policy, and each of these exceptions is printed in bold-face type and "with the same prominence as the benefits." In its present form and terms, this policy has been ap-

proved by the State insurance commissioner in accordance with the requirements of the insurance law of this State. This, we think, should be somewhat persuasive of its compliance with the statute. *Lundberg* v. *Interstate B. M. Acc. Ass'n,* 162 Wis. 474 (156 N. W. 482, Ann. Cas. 1916 D, 667); and *Berry* v. *Merchants Life & Cas. Co.,* 181 Wis. 487 (195 N. W. 335).

This clause under which plaintiff seeks to recover plainly provides that the $1,000 indemnity for the loss of a hand accrues to the insured only in case such loss is "sustained by the wrecking or disablement of any vehicle or car operated by any private carrier or private person in which the insured is riding or by being accidentally thrown therefrom." Clearly plaintiff's injury was not sustained in the manner specified. He was not riding in a vehicle that was in any way wrecked or disabled nor was he thrown therefrom. Plaintiff seeks to avoid this provision of the policy by showing that defendant's solicitor in securing plaintiff's application represented that plaintiff was protected under this policy while traveling on a highway in any vehicle, regardless of how he was injured. Plaintiff claims that he relied upon this false representation and because thereof he is entitled to have the policy so reformed that it will cover the injuries he received. May an insurance policy be thus reformed? The alleged misrepresentation was an oral statement of defendant's solicitor. The application for the insurance was in writing. It contained no reference to the claimed oral misrepresentation. The printed policy was delivered to the insured in July, 1926. He was able to read and write, but he testified he did not read his policy. On the outside of the policy, printed in conspicuous type is the caution: "Im-

portant—Read Your Policy." The policy contains the following provisions:

"(1)  This policy  *  *  *  contains the entire contract of insurance.

"(2)  *  *  *  No agent has authority to change this policy or to waive any of its provisions."

Under the circumstances of this case, we think this plainly worded policy should be held to be something more than a mere scrap of paper. The policy is the contract between the insured and the insurer. While, in an effort to protect the insured, somewhat different rules of construction may be applied to insurance policies than to other contracts, the plain, unambiguous provisions of written or printed insurance contracts ought not to be less binding upon the respective parties than like terms of any other contract. Plaintiff's failure to read his contract does not excuse him. In *Cleaver* v. *Insurance Co.,* 65 Mich. 527 (8 Am. St. Rep. 908), this court held:

"The fact that the plaintiff may not have read the printed conditions of his policy, and relied, in ignorance of them, upon the implied or assumed powers of the agent, cannot help him. It was his business to know what his contract of insurance was, and there can be no difference in this respect between an insurance policy and any other contract. In the absence of any fraud in the making of the same  *  *  *  the insured must be held to a knowledge of the conditions of his policy, as he would be in the case of any other contract or agreement. When the policy of insurance, as in this case, contains an express limitation upon the power of the agent, such agent has no legal right to contract as agent of the company with the insured, so as to change the conditions of the policy,  *  *  *  either by parol or writing; and the holder of the policy is estopped, by accepting the policy, from setting up

or relying upon powers in the agent in opposition to limitations and restrictions in the policy.''

The foregoing is quoted with approval in *Serbin-off* v. *Motor Insurance Co.*, 242 Mich. 394. We need not go so far as to hold that under no circumstances may the insured secure reformation of his policy because of the fraudulent misrepresentation of insurer's agent in securing the application for the policy. But where, as in this case, the only reason the insured was not apprised of the exact terms of his policy therein, plainly stated, is his own negligence in failing to read his policy when delivered to him or within ten months thereafter, equity will not grant relief. Equity will aid the diligent; but under the circumstances of this case we should not make an entirely new and different contract between the parties under the guise of reformation. If we granted such relief in the instant case, instead of doing equity we would be working an injustice. The decree of the circuit court is reversed, and the relief sought by the plaintiff denied. Appellant will have costs.

Fead, Butzel, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.