## LEMMON v. MASSACHUSETTS PROTECTIVE ASS'N, INC., OF WORCESTER, MASS.

### No. 1242.

District Court, N. D. Oklahoma.

Nov. 7, 1931.

Harry C. Fair, of Tulsa, Okl., for plaintiff.

Aby & Tucker and William H. Martin, all of Tulsa, Okl., for defendant.

KENNAMER, District Judge.

This case has been submitted to the court upon an agreed statement of facts which may be summarized as follows: Dr. William G. Lemmon, during his lifetime, was insured by the defendant in the amount of $10,000, under a policy containing the following provisions:

"The Massachusetts Protective Association, Incorporated, of Worcester, Massachusetts does hereby insure subject to the provisions and limitations contained herein Dr. William G. Lemmon whose occupation is Surgeon against loss resulting while this policy is in force from (1) bodily injuries effected directly and independently of all other causes by accidental means (excluding self-destruction, or any attempt thereat, while

sane or insane); and (2) disability from disease.

"A. Accidental Death Indemnity. If such injuries shall result in loss of life within ninety days from the date of the accident, the Association will pay the sum of ten thousand dollars."

"During the pendency of a state of war and for one year thereafter, this policy shall not (1) insure combatants · or non-combatants against injuries, fatal or non-fatal, caused directly or indirectly by any act or accident of war anywhere on land or water, nor (2) cover death or disability resulting from injuries sustained by any means in any country (including its colonies and possessions) at war, outside the United States and Canada, or while en route to or from any port of any country at war. For death covered by the provisions of this policy, where it results from asphyxiation by illuminating gas, shooting self-inflicted or poison self-administered, the amount payable shall be one-fifth the accidental death indemnity provided on page one hereof."

It is agreed the insured shot himself through the head with an automatic pistol, which resulted in immediate death of the insured; that the shot was involuntary and unintentional. The defendant prior to the institution of this action tendered to the plaintiff, the beneficiary in the policy of insurance, $2,000 in full settlement of the plaintiff's claim on the policy. The tender was refused, and the plaintiff instituted this action to recover $10,000.

The decisive question is the construction of that part of the policy found in clause G thereof providing "for death covered by the provisions of this policy, where it results from asphyxiation by illuminating gas, shooting self-inflicted or poison self-administered, the amount payable shall be one-fifth the accidental death indemnity provided on page one hereof."

■ Counsel for the plaintiff takes the position that, it being admitted that the death of the insured was the result of his accidentally shooting himself, the plaintiff is entitled to recover $10,000, the full face of the policy. It is argued that the term "shooting self-inflicted" found in clause G of the pol-

icy means an intentional self-inflicted wound by shooting, and does not contemplate a self-inflicted accidental shooting of the insured. I am of the opinion this contention is untenable. The policy of insurance did not insure the insured against self-destruction, and had the insured shot himself intentionally such act would have constituted suicide, or self-destruction. The general provision of the contract of insurance insuring the insured against "loss resulting while this policy is in force from (1) bodily injuries effected directly and independently of all other causes by accidental means (excluding self-destruction, or any attempt thereat, while sane or insane); and (2) disability from disease," is by the plain and unambiguous language found in clause G of the contract qualified and restricted where death results from "shooting self-inflicted" to an amount of one-fifth of the policy, or $2,000. By the qualifying provisions of clause G of the policy, the amount of recovery in the event of death resulting from "shooting self-inflicted" is limited to one-fifth the accidental death indemnity provided for in the general clause insuring deceased for $10,000.

■ It is a well-established rule in the construction of insurance contracts that they are to be construed according to the sense and meaning of the terms which the parties have used. The terms found in such contracts are to be taken and understood in their plain, ordinary, and popular sense. It is the duty of the court to enforce and carry out the contract as actually made by the parties. Hawkeye Commercial Men's Association v. Christy, 294 F. 208, 40 A. L. R. 46; Imperial Fire Insurance Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231; Commonwealth Casualty Co. v. Aichner (C. C. A.) 18 F.(2d) 879.

In the case of Kirkby v. Federal Life Insurance Co. (C. C. A.) 35 F.(2d) 126, 128, the court said: "Parties to insurance contracts may contract for what accidents and risks the company shall and shall not be liable." It is my conclusion under the terms of the contract of insurance and the facts as admitted the plaintiff is not entitled to recover. Judgment may be entered for the defendant.