No. 37,289

CLARENCE OWEN, *Appellee*, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, *Appellant*.

(203 P. 2d 196)

Opinion filed March 5, 1949.

*LaRue Royce*, of Salina, argued the cause, and *B. I. Litowich, E. S. Hampton, H. H. Dunham, Jr., John Q. Royce*, and *H. G. Engleman*, all of Salina, were with him on the briefs for the appellant.

*Jerry E. Driscoll*, of Russell, argued the cause, and *John J. McCurdy*, of Lincoln, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action on an insurance policy. The defendant's demurrer to the amended petition was overruled and it has appealed.

The record discloses that defendant, a Nebraska corporation authorized to do business in Kansas, on June 21, 1927, issued the policy here in question. So far as here pertinent the policy reads:

"Mutual Benefit Health and Accident Association, Omaha . . . Does hereby insure | Insuring Clause | Clarence Owen . . . of City of Lincoln, State of Kansas, . . . against loss of time on account of disease contracted during the term of this Policy, . . . subject, however, to all the provisions and limitations hereinafter contained."

This is followed by what is denominated Parts A to G., which pertain to accident indemnities, with which we are not concerned. This is followed by a heading "Illness Indemnities," printed in 18-point Caslon, a heavy face type, followed on the next line by "PART H. CONFINING ILLNESS EIGHTY DOLLARS PER MONTH," printed in 10-point capital letters, a heavy face type. This is followed by a paragraph in 10-point light face type which reads:

"The Association will pay, for one day or more, at the rate of Eighty

($80.00) Dollars per month, *not exceeding twelve months,* (our emphasis) for disability resulting from disease, the cause of which originates more than thirty days after the date of this Policy and which confines the Insured continuously within doors and requires regular visits therein by legally qualified physician; provided said disease necessitates total disability and total loss of time."

Pasted to the policy is an endorsement, duly executed by the president and treasurer of the Association, which reads:

"Non-Cancellable Endorsement.

"The Association cannot cancel this policy during any period for which the premium has been paid.

"It is further understood and agreed that this policy cannot be cancelled by the Association during any period of disability of the Insured."

The petition alleged that the insured paid the premium of $12.50 at the time the policy was issued and at $10 per quarter as the same became due, which the Association accepted until July 8, 1941, after which the Association refused to accept the payments, although they were duly tendered. It further alleged that on July 8, 1940, while the contract was in full force and effect, plaintiff, then residing and being in Lincoln, Kansas, as the result of a cerebral hemorrhage, became and was confined to his home; that the illness and confinement has been continuous from July 8, 1940, to the date of the filing of the petition in this action, June 22, 1946; that the illness confines plaintiff continuously within doors and requires regular visits from a qualified physician, and by reason thereof the plaintiff, since July 8, 1940, has been and is now totally disabled to perform any work or labor, and such total disability and confinement will continue during the remainder of his life; that defendant has paid the plaintiff the sum of $960, at the rate of $80 per month, and that the last payment was made on July 8, 1941; that it has failed to pay anything since that date, and that there is now due and owing plaintiff from defendant the sum of $4,920. The prayer was for that sum plus a reasonable attorney's fee.

The question for decision here is what effect, if any, should be given to the clause "not exceeding twelve months," which we emphasized above in setting out Part H. of the policy, in view of our statute (G. S. 1935, 40-1109), which was in force at the time the policy sued upon in this action was issued, the pertinent parts of which read:

"(a) No stock or mutual insurance company or association . . . shall issue or deliver any policy of insurance against loss or damage for the sickness . . . of the insured . . . to any person in this state, . . . (6) unless the exceptions of the policy be printed with the same prominence as the benefits to which they apply: . . . (i) A policy issued in violation of this section shall be held valid but shall be construed as provided in this section, and when any provision in such a policy is in conflict with any provision of this section the rights, duties and obligations of the insurer, the policyholder and the beneficiary shall be governed by the provisions of this section."

In *Stewart v. Mutual Benefit Health & Acc. Ass'n*, 135 Kan. 138, 9 P. 2d 977, where a similar question was presented, the court referred to these statutes and,

"*Held*, that where a policy did not comply with this statute it should be construed as though the restricting clause were not in the policy at all."

This decision was followed in *Noel v. Continental Casualty Co.*, 138 Kan. 136, 141, 23 P. 2d 610, where a similar question was presented. We think the statute and the decisions are applicable here. In this case the words "Illness Indemnities" and "CONFINING ILLNESS EIGHTY DOLLARS PER MONTH," contained no limitation as to time of benefit payments. The only place that is found is in the 10-point light-face type. This limitation is an exception, as that word is used in our statute, under our decision last cited.

Counsel for appellant cite *Hildebrand v. Washington National Ins. Co.*, 155 Kan. 220, 124 P. 2d 510. An examination of the case discloses it is not in point. There the insuring clause made a classification of risks all in the same sized type. The phrase here in question is not a classification of risks, but is clearly a limitation upon the amount of payment for a risk clearly assumed.

Counsel for appellant make a point of the fact that in plaintiff's petition our statute above referred to was not mentioned. We think that was not necessary. The court takes judicial notice of its own statutes. It was only necessary for the petition to state the facts constituting its cause of action. (G. S. 1935, 60-704, *Second.*)

Counsel for appellant properly contend that when an action is predicated upon a written instrument, a copy of which is attached to the petition, the court should be controlled by the language of the instrument rather than by allegations in the petition which might properly be regarded as conclusions of the pleader. In this case we have examined the instrument, the original of which has been furnished us for that purpose. Among other things we notice

that the time within which an action must be brought in the policy was printed as two years. This was changed to five years "to comply with the laws of Kansas." Perhaps a similar purpose prompted defendant in attaching to the policy the noncancelable endorsement above quoted, in which it was agreed "that this policy cannot be canceled by the Association during any period of disability of the Insured," and that the same was designed to make meaningless the phrase in the policy "not exceeding twelve months," hereinbefore discussed. But since this point was not argued by counsel we shall not discuss it further.

We find no error in the record. The judgment of the court below is affirmed.

ARN, J., not participating.