CLARENCE OWEN, *Appellee*, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, *Appellant*.

No. 38,366

CLARENCE OWEN, *Appellee*, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, *Appellant*.

(233 P. 2d 706)

Opinion filed July 3, 1951.

*Charles B. Blackmar*, of Kansas City, Missouri, argued the cause, and *La Rue Royce*, of Salina, and *Henry I. Eager*, of Kansas City, Missouri, were with him on the briefs for the appellant.

*Jerry E. Driscoll*, of Russell, argued the cause, and *John J. McCurdy*, of Lincoln, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: In each of these cases the plaintiff sought to recover benefits alleged to be due him on a health and accident insurance policy issued by defendant. They differ only as to the period of time for which recovery was sought. In case No. 38,365 plaintiff sought to recover benefits for the period from July 8, 1940, to June 22, 1946. The case was here before on a demurrer to the petition (166 Kan. 525, 203 P. 2d 196; 168 Kan. 10, 210 P. 2d 232), where the court affirmed the order of the trial court overruling defendant's demurrer to the petition. In case No. 38,366 plaintiff seeks to recover benefits under the same policy involved in the prior suit for the period from June 22, 1946, to January 8, 1950. In the trial court all facts were stipulated which would entitle plaintiff to recover in each case if the contract of insurance provided for payments for the period for which recovery is sought. The trial was by the court, a jury trial having been waived. The court found for plaintiff in each case and rendered judgment accordingly. They were tried at the same time, but were not consolidated, and separate abstracts have been filed in this court. The cases were consolidated for hearing in this court and counsel for each party have filed but one brief covering both cases. Defendant, as appellant here, presents two questions for our determination:

"1. As to both appeals, whether G. S. 1935, Section 40-1109 (a) (6) and (i) as construed by this court in the opinions reported at 166 Kans. 525 and 168 Kans. 10 violates the Constitution of the United States by depriving defendant of property without due process of law and impairing the obligation of contracts.

"2. As to appeal No. 38366, whether the decisions reported at 166 Kans. 525 and 168 Kans. 10 are erroneous and ought to be overruled."

As to the first question presented, the trial court found that it was without merit, and also found that the question was not timely raised, particularly with reference to the first case. With respect to that the record discloses that the first case (our present No. 38,365) was filed in the district court on June 24, 1946; that defendant first filed a motion to make the petition definite and certain by attaching thereto a copy of the policy of insurance, and an amended petition was filed in which that was done. Defendant demurred to the amended petition upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was con-

sidered by the trial court and overruled, and defendant appealed to this court. An opinion of this court affirming the judgment of the trial court was filed on March 5, 1949, and reported in 166 Kan. 525, 203 P. 2d 196. The appellant filed a motion for rehearing, which was granted and the case set for our July, 1949 session. The case was reargued by counsel, who filed additional briefs, and a brief on appellant's behalf was filed amici curiae. The court reexamined the questions originally argued and those argued on rehearing, and in an opinion handed down on October 9, 1949, adhered to its former opinion (168 Kan. 10, 210 P. 2d 232). No further motion for rehearing was filed by the appellant and our mandate went down on October 31, 1949. At no time or place in the consideration of that case did the defendant ever contend or suggest that the statute [G. S. 1935, 40-1109 (a) (6) and (i)] violated the federal constitution, nor did it contend that our opinion filed on March 5, 1949, either alone or in connection with the statute, violated the federal constitution.

The invalidity of the statute could have been raised by the demurrer filed (see cases cited in the annotation 71 A. L. R. 1194) and perhaps the wording of the demurrer was broad enough to raise the question but it was not contended either in the trial court or in this court that the demurrer should be sustained upon that ground.

If counsel for defendant considered the statute constitutional, if standing alone, but that it had been rendered unconstitutional by our decisions handed down on March 5, 1949, that question was not raised by the motion for rehearing; neither was it suggested in the briefs or arguments upon the rehearing, and of course was not raised by a motion for rehearing after our decision handed down on October 9, 1949, for appellant filed no such motion for rehearing. No effort was made to take the case to the Supreme Court of the United States by appeal or by certiorari.

In this situation the authorities appear to support appellee's contention that appellant waived the constitutional question now presented. In 16 C. J. S. 225 the rule is thus stated:

"While in considering a question affecting the constitutionality of an act it is the court's duty to exercise some discretion in determining the time when it shall be presented, it is the general rule, subject apparently to some qualifications, that such question must be raised at the earliest opportunity consistent with good pleading and orderly procedure, or it will be considered as waived, and even ignorance of pertinent facts is not an excuse for failure to assert con-

stitutional rights at the proper time. Accordingly, a constitutional objection not raised by the pleadings ordinarily may not be raised later at trial. . . . In some jurisdictions, the constitutionality of a particular statute upon which a pleading is based may be raised by general demurrer thereto."

Citing, among other cases, *Railroad Co. v. Abilene*, 78 Kan. 820, 98 Pac. 224, where it was held:

"The unconstitutionality of a statute or of proceedings under a statute need not be pleaded with any greater definiteness or certainty than other issues, . . ."

And on page 823 it was said: "A general demurrer will raise the question." The point being, however, the question must be raised; it cannot be simply ignored.

A similar statement of the rule is found in 12 C. J. 785 and 11 Am. Jur. 772. Each of these general authorities cites a number of federal and state decisions. And in *Yakus v. United States*, 321 U. S. 414, 64 S. Ct. 660, 88 Law Ed. 834, the court had occasions to say (page 444):

"No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." (Citing authorities.)

In this case we feel compelled to hold that appellant, by not raising the federal constitutional question in this case until after our decisions in 166 Kan. 525 and 168 Kan. 10 waived the right to present them. Further, we are convinced that if appellant thought our decisions above mentioned violated its rights under the federal constitution appellant should have taken steps by appeal or certiorari to have our decisions reviewed by the Supreme Court of the United States; and, not doing so, it is not in a position now to contend that the order violated the federal consitution.

More than that, we find no constitutional infirmity in the statute, as we think the following cases disclose:

*Thorne v. Aetna Life Ins. Co.* (1923), 155 Minn. 271, 275-277, 193 N. W. 463.

*Williams v. Travelers Ins. Co.* (1913), 168 Wis. 456, 462, 169 N. W. 609, 611, 959.

*Tracey v. Insurance Company* (1920), 119 Me. 131, 139, 140, 109 A. 490.

*Van Dusen v. Business Men's Association* (1927), 237 Mich. 294, 297, 211 N. W. 991.

Counsel for appellant in their brief talk about "the law of the case" and in effect concede that our decisions in 166 Kan. 525 and 168 Kan. 10 are the law of the case in the present appeal No. 38,365, but contend it is not the law of the case in No. 38,366. Whether our decisions are spoken of as "the law of the case," or as *res judicata,* or if given their real name, the final decision of this court, un-appealed from, construing the insurance policy in question as interpreted by. our statute, is not very material. Certainly the trial court and the parties to the action were bound by our decisions in the further trial of the case now numbered 38,365, and since the same policy of insurance and the same statute were involved in the case No. 38,366, and the same parties were litigants, our decisions are applicable to the later case.

In the *City of Council Grove v. Kansas Electric Power Co.,* 137 Kan. 109, 19 Pac. 460, at page 113, the court quoted with approval from *C. K. and W. Rld. Co. v. Comm'rs of Anderson Co.,* 47 Kan. 766, 29 Pac. 96, the following, which we deem applicable:

"When a matter is once adjudicated, it is conclusively determined between the same parties and their privies as to all matters which were or might have been litigated; and this determination is binding, as an estoppel, in all other actions, whether commenced before or after the action in which the adjudication was made."

The second point presented by appellant for our determination applies only to case No. 38,366 and is whether the decisions reported in 166 Kan. 525 and 168 Kan. 10 are erroneous and ought to be overruled. Counsel for appellant in their brief ask us to re-examine those decisions and overrule them. We have re-examined them and find no reason to overrule them. We also re-examined the questions in the recent case of *See v. United Ins. Co.,* 171 Kan. 146, 230 P. 2d 1008.

The result is that the judgment of the trial court should be affirmed in each of the cases. It is so ordered.