No. 30,392.

FRANK STEWART, *Appellee,* v. THE MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, *Appellant.*

(9 P. 2d 977.)

Opinion filed April 9, 1932.

*Albert Faulconer, Kirke W. Dale* and *C. L. Swarts,* all of Arkansas City, for the appellant; *Philip E. Horan,* of Omaha, Neb., of counsel.

*W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *William E. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action on a sickness and accident insurance policy. Judgment was for plaintiff. Defendant appeals.

The policy sued on contained a clause near the beginning of that document in which the company agreed to insure plaintiff "against loss of life, limb, sight or time, resulting directly and independently of all other causes, from bodily injuries sustained through purely accidental means (suicide, sane or insane, is not covered) and against loss of time on account of disease contracted during the term of this policy, respectively, subject, however, to all the provisions and limitations hereinafter contained."

This was followed by a number of provisions set out in paragraphs providing the payments that would be paid for specific injuries— what would be paid for total accidental disability; what would be paid for partial disability; what would be paid for hospital expenses and what would be paid for "confining" illness; and what would be paid for "nonconfining" illness.

Paragraph K provides that any accidental injury which resulted in "hernia, boils, carbuncles, felons, abscesses, ulcers, infection, septicæmia, ptomaine poisoning, cancer, diabetes, fits, peritonitis, apoplexy, sunstroke, freezing, hydrophobia, sprained or lame back" would be paid for as provided for in paragraphs H and I. These paragraphs are the ones which provide how much shall be paid for "confining" and "nonconfining" illness. The payments provided for in these sections are considerably less than that provided for in the paragraphs that state how much will be paid for an accidental injury.

Appellee in this case was injured by stepping on a piece of steel in his barnyard. What is commonly known as blood poisoning set in and appellee was in the hospital for several days, under the care of a doctor for several weeks, and unable to work for some months.

Appellant contends that appellee is only entitled to be paid what the paragraphs providing what shall be paid for illness say will be paid. Appellee contends that he should be paid what the paragraph providing what shall be paid for accidental injury says will be paid.

The trial court held that appellee was entitled to be paid for an

accidental injury. In other words, it construed the policy as though paragraph K were not in it.

The question presented by this appeal is whether that interpretation was correct. There are two grounds upon which appellee urges that the court below was correct. In urging the first ground appellee quotes the following rule:

"It is a well-settled rule that where a policy of insurance is so drawn as to require an interpretation a construction most favorable to the insured will be adopted, for the reason that the company prepares the contract of insurance, thereby selecting its own language." (*Brown v. Accident Insurance Co.*, 114 Kan. 337, 338, 219 Pac. 505.)

He points out the facts that there are so many results set out in paragraph K that will entitle the appellee to draw only the smaller payments that they practically annul the insuring clause of the policy which has been quoted heretofore in this opinion. He claims the policy should be construed under the rule laid down in *Pacific, etc., Co. v. Williamsburg,* 158 Cal. 367. There the court said:

"Therefore the courts endeavor to carry out the contracts as made by the parties and, at the same time, prevent if possible the exceptions and conditions from wholly devouring the policy." (p. 370.)

On the other hand, appellant urges that the case comes under the rule laid down in *Bank v. Insurance Co.,* 91 Kan. 18, 137 Pac. 78, as follows:

"It seems clear that when those competent to contract have settled upon the terms by which they are to be bound, neither can call upon the courts to make different terms." (p. 25.)

It argues that there is no ambiguity in the contract we are considering. It points out that appellee had his choice of two contracts —one that had paragraph K in it and one which did not have that paragraph. The latter policy cost more money than the former and he chose the former. We have concluded that the position of appellant is well taken on this point. The position of appellee could not be sustained without in effect writing a new contract between appellant and appellee. The rule that when provisions in an insurance policy are ambiguous or susceptible of more than one construction the construction that will operate to the benefit of the insured will be followed, is a good one well sustained by the authorities. The trouble about applying it to this case, however, is that the provisions in the contract under consideration are not ambiguous. There is no trouble in telling what the policy means when it is taken as a whole.

There is another reason urged why the court was correct in construing the policy under consideration just as though paragraph K had not been in it. That reason is based on the provisions of R. S. 1931 Supp. 40-1109, paragraph (a), as follows:

"No stock or mutual insurance company or association or other insurer shall issue or deliver any policy of insurance against loss or damage for the sickness or the bodily injury or death of the insured by accident to any person in this state . . . unless the exceptions of the policy be printed with the same prominence as the benefits to which they apply: *Provided, however,* That any portion of such policy which purports, by reason of the circumstances under which a loss is incurred, to reduce any indemnity promised therein to an amount less than that provided for the same loss occurring under ordinary circumstances shall be printed in bold-faced type and with greater prominence than any other portion of·the text of the policy. . . . (i) . . . A policy issued in violation of this section shall be held valid but shall be construed as provided in this section, and when any provision in such a policy is in conflict with any provision of this section the rights, duties and obligations of the insurer, the policyholder and the beneficiary shall be governed by the provisions of this section."

The policy in question was issued and delivered after the above law went into effect. Paragraph K comes within its provisions. That is, as appellants ask us to interpret that provision in the policy, it does reduce the indemnity to be paid because of the circumstances under which the loss was incurred. The purpose of the statute quoted above was to make it less likely that a person would buy a policy with a restriction on the liability such as is insisted on by appellant here and not realize just to what extent the liability was restricted. At the argument of this case it was insisted by appellant that this policy was issued and delivered in Oklahoma and consequently the above statute does not apply. It was insisted that appellant could have proved this had the point been raised. It urges that since the opportunity to prove this point was not afforded it on the trial in district court, that the case should be sent back to the district court for that fact to be determined. We cannot agree with appellant that this question of fact was not tried out in the court below.

The petition alleged that the residence and post-office address of plaintiff at the time of bringing the action was Arkansas City, Kan. The policy sued on gives the residence of insured as Hunnewell, Kan., at the time the policy was taken out. The application for the insurance gave the residence of the insured as R. F. D. No. 2, Hunnewell, Kan. This application was introduced in evidence by

the answer of appellant. We think that these allegations in the pleadings and statements in documents introduced were sufficient, so that it must be concluded that the question of where the policy was issued and delivered was raised and settled by what was done in the court below, and that the court was correct in assuming that the policy was issued and delivered in Kansas. The fact is that appellant knew better than anyone else that the policy sued on did not comply with the statutes of Kansas. If it wished to raise the question that the insured actually lived in Oklahoma when the policy was delivered, then it should have pleaded that fact. It cannot now be heard to complain that it was not given the opportunity to disprove the claim that the delivery of the policy took place in Kansas.

It appears that the policy in question was issued and delivered in Kansas; that it did not comply with the law by having the paragraph in question printed in bold-faced type and with greater prominence than any other portion of the text of the policy. Since these things are true, then we are obliged to construe the policy as though paragraph K had not been incorporated therein at all. This appears to be what the trial court did.

The judgment of the district court is affirmed.