EWINS v. WASHINGTON NATIONAL INSURANCE CO.

1. INSURANCE—ACCIDENT POLICIES—PROMINENCE OF PRINTING OF LIMITATIONS.

If limitation in accident policy that indemnity was payable only in case loss resulted within 30 days from date of accident was printed in violation of statute requiring such portion of policy to be printed in type of the same prominence as the benefits to which the limitation applies, the limitation could be ignored (3 Comp. Laws 1929, §§ 12440, 12447).

2. SAME—CONSTRUCTION OF POLICY—LIMITATION ON LIABILITY FOR ACCIDENTAL DEATH—PROMINENCE OF PRINTING.

Printing of limitation clause in accident insurance policy in 10-point type, the same size type as that used in printing recital of benefits, was in substantial accord with provisions of statute requiring that limitations on benefits be given the same prominence as benefits to which they were applicable notwithstanding benefits were in boldface type and limitation was in lightface, hence limitation may not be ignored in construing policy (3 Comp. Laws 1929, §§ 12440, 12447).

Appeal from Oakland; Holland (H. Russel), J. Submitted October 10, 1940. (Docket No. 24, Calendar No. 41,255.) Decided December 10, 1940.

Assumpsit by Lillian Vera Ewins against Washington National Insurance Company, a foreign corporation, to recover on an insurance policy. Judgment for defendant. Plaintiff appeals. Affirmed.

*Donald A. Wallace,* for plaintiff.

*Leo A. Mandell,* for defendant.

BUTZEL, J. Plaintiff sued as beneficiary of a health and accident insurance policy issued to her

husband.  Defendant sold its "combination policy" exclusively to regular readers of a certain newspaper for an annual premium of $5.  On the outside of the policy appears in heavy type a recital that the policy provides indemnity for loss of life, either by accident or by sickness, and for loss of limb, sight or time by accidental means, "to the extent herein limited and provided."  Diagonally across this entire text is printed in larger but light red letters the words, "This is a limited policy. Read carefully."  The recital of the extent of the indemnity is repeated at the top of the body of the policy in letters of 14-point type.  The policy, in setting forth the loss provisions, states in clear and easily readable type in each of the four parts dealing with loss that the indemnity is payable only if such loss shall result within 30 days from the date of accident.  Diagonally across the first page of the policy is repeated in 30-point red letters the caution stated on the outside of the policy: "This is a limited policy.  Read carefully."  Among the "General Provisions" at the end of the policy is the statement in 10-point boldface Cheltenham type that "No indemnity will be paid for disability caused by any other means or under other conditions than those specified herein."

The form of policy had the approval of the State insurance commissioner, subject to the reserved right to withdraw approval whenever it should appear that the form was in contravention of any law of this State.

The insured died from injuries sustained in an automobile accident, but death did not come until 47 days after the accident.  The provision upon which plaintiff bases her claim insured the deceased against death or disability from bodily injuries

"(f) By the wrecking or disablement of a private automobile of the exclusively pleasure type (motorcycles excepted), or horse-drawn vehicle of the exclusively pleasure type, in which the insured is riding or driving, provided that at the time the injuries are sustained the insured is not a hired driver of such wrecked or disabled automobile or vehicle.

"Provided always that such injuries sustained as described in this part two shall result in any one of the specific losses set forth below, and provided such loss shall result within 30 days from date of accident, the company will pay the sum set opposite such loss as follows:

For loss of—

Life ......One Thousand Dollars ($1,000.00)"

The clause containing the 30-day provision set forth above is printed in 10-point lightface type; the amount to be paid is printed in 10-point boldface type. Plaintiff contends that the 30-day provision is in violation of the statute in force at the time the policy was issued (3 Comp. Laws 1929, § 12440* [Stat. Ann. § 24.276]), which commands that "No such policy shall be so issued or delivered * * * (6) unless the exceptions of the policy be printed with the same prominence as the benefits to which they apply." If the limitation is in violation of the above-quoted statute, it may be ignored. 3 Comp. Laws 1929, § 12447 (Stat. Ann. § 24.283), provides:

"A policy issued in violation of this chapter shall be held valid but shall be construed as provided in this chapter and when any provision in such policy is in conflict with any provision of this chapter the rights, duties and obligations of the insurer, the policyholder and the beneficiary shall be governed by the provisions of this chapter."

---

* Amended by Act No. 98, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12440, Stat. Ann. 1940 Cum. Supp. § 24.276).

See *Van Dusen* v. *Interstate Business Men's Ass'n,* 237 Mich. 294; for a full discussion of cases, see "Validity, applicability, construction, and effect of statutes relating to size or other characteristics of type or color of printing for insurance policies," 72 A. L. R. 875. The trial court ruled that there were no "exceptions" within the meaning of the statute, but stated that "the policy simply sets forth the conditions under which there shall be a recovery."

The trial court correctly entered a judgment of no cause of action. Counsel cite decisions from other jurisdictions. We need not go so far afield. We need not at this time distinguish "exceptions" from "limitations" (see *Kirkby* v. *Federal Life Ins. Co.* [C. C. A.], 35 Fed. [2d] 126, holding for defendant in a somewhat similar case), as the trial court did, for the provisions before us, whether they fit into one category or another, cannot be branded as having been printed in violation of the statutory requirements. The essence of plaintiff's objection is that while all the provisions in question are set forth in 10-point type, the 30-day clause is in lightface type, while the benefit clause is printed in boldface type. In *Drogula* v. *Federal Life Ins. Co.,* 248 Mich. 645, we held that the form of printing in one sentence in the same size type but part in lightface and part in boldface was acceptable and substantially accorded with the requirements of the statute. The decision in that case controls the case at bar.

This disposition of the case obviates discussion of the other question raised. The judgment is affirmed; costs to defendant.

Bushnell, C. J., and Sharpe, Boyles, Chandler, North, McAllister, and Wiest, JJ., concurred.