No. 35,373

HERMAN HILDEBRAND, *Appellee*, v. WASHINGTON NATIONAL INSURANCE COMPANY, *Appellant*.

(124 P. 2d 510)

Opinion filed April 11, 1942.

*J. S. Simmons, Alva L. Fenn* and *Stuart Simmons*, all of Hutchinson, were on the briefs for the appellant.

*Evart Garvin* and *Morris Garvin*, both of St. John, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action on an accident insurance contract. Judgment was for the plaintiff. Defendant appeals.

· The petition alleged that on a date when the policy was in effect the glove on the right hand of plaintiff got in the beater of his combine, with the result that his hand and arm were mangled and it was necessary to amputate his right hand; that on account of this defendant became liable to plaintiff for $500; that proof of loss had been made and defendant refused to pay. The petition also alleged that the policy did not comply with G. S. 1935, 40-1109, because the benefits promised by the policy were printed in 18-point type and that the exceptions contained were printed in 10-point type, and were printed with less prominence than the benefits, and that on that account the policy failed to comply with the above statute of Kansas, which provides that no portion of a policy which purports by reason of the circumstances under which a loss was incurred to reduce any indemnity promised therein to an amount less than that provided for the same loss occurring under ordinary circumstances must be printed in bold-faced type with greater prominence than any other portion of the policy. A copy of the policy was attached to the petition.

The defendant answered by way of a general denial, and further that the policy was issued and delivered in Iowa and hence was not subject to the laws of Kansas.

The parties entered into a stipulation as to the facts. First, as to the injury, it was agreed that on June 19, 1939, the plaintiff was working with his combine; that the combine was attached to the plaintiff's tractor; that the motor of the combine was running and the plaintiff was engaged in adjusting the combine and that his hand was drawn into the combine, with the result that it had to be amputated, and at the time the injury occurred the tractor and combine were not moving on the ground and were stationary. The policy provided in part that plaintiff was insured against the injury sustained while riding in a moving farm vehicle. It is true the combine was running, but it was not moving upon the ground; it was going nowhere and no movement was contemplated. Under such circumstances, we cannot hold that the provision subsequently quoted covered the injury to plaintiff. (See *Eynon v. Continental Life Ins. Co.*, 252 Mich. 279, 233 N. W. 228.)

Plaintiff does not seriously contend that the above is not the rule. . He relies upon the provisions of G. S. 1935, 40-1109. That section provides, in part, as follows:

"(a) No stock or mutual insurance company or association or other insurer shall issue or deliver any policy of insurance against loss or damage for the sickness or the bodily injury or death of the insured, by accident to any person in this state, . . . (5) Unless a brief description thereof be printed on its first page and on its filing back in type of which the face shall be not smaller than fourteen point; nor (6) unless the exceptions of the policy be printed with the same prominence as the benefits to which they apply; *provided, however,* That any portion of such policy which purports, by reason of the circumstances under which a loss is incurred, to reduce any indemnity promised therein to an amount less than that provided for the same loss occurring under ordinary circumstances shall be printed in bold-face type and with greater prominence than any other portion of the text of the policy."

Plaintiff argues that the provision in the policy referred to as paragraph "g." is really a provision reducing the amount of indemnity promised on account of the peculiar circumstances, and that since it is not printed in bold-faced type and of greater prominence than the other portions of the text of the policy, it is inoperative and should be stricken from the policy in considering this case.

This takes us to an examination of the policy itself. On the filing back of the policy appears the following, in 18-point bold-faced type:

"This policy provides benefits for loss of life, limb, sight, or time, caused by accidental means, to the extent herein limited and provided."

Plaintiff argues that this is a part of the insurance clause of the contract and that since clause "g," to which reference has been made, is not printed in similar type and is printed in less prominence than the above clause, then clause "g" is not effective. We cannot agree with this argument. The clause just quoted on the face of the policy is no part of the insuring contract at all. It is obviously put there in compliance with G. S. 1935, 40-1109 (a) (5), quoted above.

It is merely a descriptive statement on the policy printed on that part of it which appears when the policy is folded and ready for delivery. It adds nothing one way or another to the effectiveness of the policy.

The plaintiff next points out a similar statement which appears at the top of the first page of the policy in a little larger type than that of the statement to which reference has just been made. However, the same observation applies to both statements. Neither adds one way or another to the policy itself.

About midway on the first page appears the language:

"INSURING CLAUSE."

Then the following statement, all in the same-sized type, with no black-faced type:

"In consideration of the payment of an annual premium of two and 50/100 ($2.50), the Great Western Insurance Company (hereinafter called the Company), subject to all the conditions, provisions and limitations in this policy contained, hereby insures the person whose name appears as the insured on the filing back hereof, from 12 o'clock noon, standard time, on the date of issue shown on the filing back hereof, for a period of one year, which period is hereinafter referred to as the 'premium term,' and for such subsequent like 'premium terms' as shall be paid for in advance and accepted by the Company at the same rate of premium, against the effects of personal bodily injury sustained as specifically set forth in the following paragraphs lettered from 'a' to 'i,' inclusive, if caused solely and directly by external, violent and accidental means. The effect of the Personal Bodily Injury herein defined is hereinafter referred to as 'such injury' when so caused and sustained:

"a. While driving or riding in an automobile;

"b. By being struck, knocked down, or run over by an automobile;

"c. While riding as a fare-paying passenger in a public automobile, stage, bus, or taxicab being driven by a licensed driver;

"d. While riding as a fare-paying passenger on any railway passenger car, steamship, steamboat, or street railway car;

"e. While riding as a passenger on a passenger elevator (mine elevators not included);

"f. While riding in an airplane or dirigible balloon provided by an incorporated passenger carrier and while operated by a licensed pilot upon a regular passenger route between definitely established airports;

"g. While riding in or on any moving farm vehicle or portable machine such as a tractor, wagon, buggy, sled, sleigh, plow, lister, harrow, cultivator, grain binder, corn binder, rice binder, header, stalk cutter, mower, corn planter, potato planter, seeder, rake, disk, disk harrow, hay loader, manure spreader or grain drill;

"h. By being kicked by a horse, mule or cow;

"i. By being gored by a bull or cow."

It will be observed that this is the clause which constitutes the contract between the plaintiff and defendant insurance company. Without it there would be no contract of insurance. The language that follows relates to specific benefits, optional benefits and other provisions of the policy. Clause "g" does not reduce the indemnity to be paid. It provides no situation under which the defendant would be liable for a less amount than that provided for the same loss occurring under ordinary circumstances. It is merely a part of this insuring clause. Should it be stricken from the policy, as

plaintiff argues it should be, then the plaintiff would only be insured against the contingencies that remain in the other paragraphs.

Plaintiff relies upon what this court said in the case of *Stewart v. Mutual Benefit Health & Acc. Ass'n*, 135 Kan. 138, 9 P. 2d 977. In that case, however, the insuring clause of the policy provided that the company agreed to insure the plaintiff against any loss of life, limb, sight or time, resulting directly and independently of all other causes, from bodily injuries sustained through purely accidental means. That was the insuring clause of the contract comparable to the insuring clause in this contract which has been quoted.

There was an additional provision in the contract in the Stewart case providing that an injury which resulted in infection should be be paid for under another clause which provided for a lesser amount than for accidental injury. This court held that since that clause was not printed in bold-faced type and with greater prominence than any other portion of the text of the policy, the policy should be construed as though the clause were not in it. It must be noted, however, that this was a separate provision from the insuring clause and there was a valid contract of insurance between plaintiff and defendant without that clause. The effect of the clause was to reduce the amount to be paid in cases where infection resulted from the injury and to an amount less than that provided for an injury where infection did not result.

The case we are considering is more nearly analogous to the case of *Ewins v. Washington National Insurance Co.*, 295 Mich. 602, 295 N. W. 329. In that case the clause drawn into consideration required that the loss for which claim was made must have resulted within thirty days of the date of the accident. It was not printed with any greater prominence than the rest of the policy. Under a statute somewhat similar to ours the court held that the thirty-day provision was not an exception but simply set forth the conditions under which there would be a recovery.

In *Kirkby v. Federal Life Ins. Co.*, 35 F. 2d 126, the accident policy considered provided coverage for certain specified risks, and the language of these provisions was printed in a little smaller type than the balance of the policy. Passing on a question similar to the one we have here and considering a like statute, the court pointed out that parties to an insurance contract might contract for what risks the company should or should not be liable. The court said:

"The contracting parties may choose their own language and style of com-

position. They may embody their intention in the form of an agreement to insure against death or injury by accidental means generally and by appropriate exceptions eliminate therefrom all risks intended to be excluded, or they may by direct statement incur liability for specific risks only. . . . In our view the contract carries no suggestion of exceptions or provisos. It does not purport to reduce any promised indemnity. It contains nothing obscure or doubtful. Its terms taken in their plain, ordinary, and popular sense are easily understood and leave nothing for interpretation by the courts." (p. 129.)

See, also, *Drogula v. Federal Life Ins. Co.*, 248 Mich. 645, 227 N. W. 692.

The judgment of the trial court is reversed with directions to enter judgment for the defendant.

HOCH, J., not participating.