No. 38,213

Florence C. See, *Appellee,* v. United Insurance Company, An Insurance Corporation, *Appellant.*

(230 P. 2d 1008)

Opinion filed May 12, 1951.

*Clayton S. Flood,* of Hays, argued the cause and *E. C. Flood,* of Hays, and *G. Blair Hiser,* of Chicago, Ill., were with him on the briefs for the appellant.

*Benedict P. Cruise,* of Hays, argued the cause, and *Delmas L. Haney,* of Hays, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action on a policy of insurance which provided indemnity for accidental death. A trial by the court resulted in judgment for plaintiff. Defendant has appealed.

The pertinent facts may be stated briefly as follows: In November, 1944, the Rev. Joseph N. See, and his wife, Florence C. See, were residents of Mentor, Kansas. About that time he received from defendant—an Illinois corporation with headquarters in Chicago, which was not then authorized to do business in Kansas but obtained such authority about a year later—some literature pertaining to an accident and sickness policy which defendant was writing. Among the literature was the form of an application. The wording of this is not shown by the record. The Rev. Mr. See filled out the application, signed it and sent it to the defendant company with one dollar, which was the premium on the policy for one month. Under date of December 5, 1944, the defendant issued the policy and mailed it to the Rev. Mr. See, in which the Rev. Mr. See was named as the insured and his wife named as the beneficiary. It containd a provision that if the policy was not satisfactory to the insured he might return it within ten days and his premium would be returned. The insured kept the policy and continued to pay the premium thereon until his death, November 22, 1948. He and his wife continued to be residents of Kansas during that time and she is still a resident of the state. On September 30, 1948, the insured, while traveling on one of the highways in the state and driving his own automobile, collided with another automobile, causing him to sustain accidental injuries from which the trial court found his death was the direct result. The policy was in several parts. We are concerned here primarily with Parts I and II.

"Following the name and address of the insurance company in large capital letters, appears in ten point, light face type, the following [preceded by the words 'Does Hereby Insure' in capital letters]:

'NAME Joseph N. See whose address is Mentor, Kansas whose beneficiary is Florence C. See, wife of the insured (hereinafter referred to as the Insured), subject to the provisions and limitations herein contained from twelve o'clock noon, Standard Time at the place where the insured resides, on the day this

policy is issued up to January 5th, 1945, twelve o'clock noon, against (1) loss resulting directly and independently of all other causes from bodily injuries sustained during the term of this policy and effected solely through accidental means, which bodily injuries or their effects shall not be caused wholly or in part, directly or indirectly, by any disease, defect or infirmity and which shall from the date of the accident result in continuous and total disability, hereinafter referred to as "such injuries" and also against (2) loss resulting directly and independently of all other causes from disease or sickness contracted after thirty days from the date of issue during the term of this policy, subject to the provisions, conditions and limitations herein contained, as follows: Here follows in bold face ten point capitals, "Part I. DEATH, DISMEMBERMENT AND LOSS OF SIGHT BENEFITS— TRAVEL ACCIDENTS SPECIFIC LOSSES:" under which, in bold ten point type, is listed 8 specific losses in a column, with the amounts specified for each such loss, among which is, "For Loss of Life Value First Year Under Part I $5,000.00 Annual Increase under Part I $500.00 Value After Fifth Year under Part I $7,500.00." Then follows in ten point light face type, "resulting within thirty days from the date of accident solely from such injuries, but only when 'such injuries' are sustained WHILE ACTUALLY RIDING AS A FARE PAYING PASSENGER in a place regularly provided for the transportation of passengers, only within a RAILROAD CAR, INTERURBAN RAILROAD CAR OR ELECTRIC STREET CAR, provided by a common carrier for passenger service and only when such loss shall be caused by the wrecking of any such car.'

"PART II. (In bold face capitals) 'AUTOMOBILE ACCIDENTS,' and under this 'Section (A) $500.00 ACCIDENTAL DEATH INDEMNITY' (in ten point capitals) followed in ten point lower case, light face, the following:

"If the Insured shall sustain 'such injuries' as described in the Insuring Clause and not hereinafter excepted, which are caused solely by the collision or upset of any passenger automobile or motor truck (Tractors and/or Trailers excepted) while the Insured is driving or riding therein and which result in the loss of life within thirty days from the date of the accident, provided the automobile or motor truck is not being used for the carrying of passengers for hire, the Company will pay in lieu of all other indemnity the sum of FIVE HUNDRED DOLLARS ($500.00) for such loss."

Another part of the policy provided that if the insured was sixty years of age at the time he took out the policy his benefits would be one-half of those specified in Parts I and II. Also, standard provision 20 provided the policy should not cover any person under the age of fifteen years or over the age of seventy-five. On May 25, 1948, defendant issued a rider, which was attached to the policy and which amended standard provision No. 20 so as to provide that it should not cover any person under the age of sixteen years or over the age of seventy-seven, and amended another provision of

the policy so that after the insured reached the age of seventy-five all benefits should be further reduced ten per cent per attained year until his seventy-seventh birthday.

The action was brought as a travel accident under Part I of the policy and judgment was allowed as claimed but computed by the provisions of the policy in the sum of $2925.00 with interest at six per cent since November 22, 1948; and also for an attorney fee for plaintiff. The policy is to be construed under the pertinent provisions of our statute (G. S. 1949, 40-1109), which reads:

"(a) No stock or mutual insurance company or association or other insurer shall issue or deliver any policy of insurance against loss or damage for the sickness or the bodily injury or death of the insured by accident to any person in this state, . . . (4) unless every printed portion thereof and of any endorsements or attached papers shall be plainly printed in type of which the face shall be not smaller than ten point; nor (5) unless a brief description thereof be printed on its first page and on its filing back in type of which the face shall be not smaller than fourteen point; nor (6) unless the exceptions of the policy be printed with the same prominence as the benefits to which they apply: *Provided, however,* That any portion of such policy which purports, by reason of the circumstances under which a loss is incurred, to reduce any indemnity promised therein to an amount less than that provided for the same loss occurring under ordinary circumstances shall be printed in bold-face type and with greater prominence than any other portion of the text of the policy. . . .

"(i) A policy issued in violation of this section shall be held valid but shall be construed as provided in this section, and when any provision in such a policy is in conflict with any provision of this section the rights, duties and obligations of the insurer, the policy-holder and the beneficiary shall be governed by the provisions of this section."

In this court appellant first contends it is not liable since the insured did not die within thirty days from the date of the accident, and contends that our statute [G. S. 1949, 40-1109 (a) (6)] contains the word "exception," and that the language in the insuring clause, printed in black face type, "resulting within thirty days from the date of accident," is not an exception but a condition precedent to any recovery under Part I of the policy. Counsel recognize our holding in *Owen v. Mutual Benefit Health & Acc. Ass'n,* 166 Kan. 525, 203 P. 2d 196 (adhered to on reargument, 168 Kan. 10, 210 P. 2d 232), is contrary to their contention. They assert the policy involved in the Owen case is considerably different than we have here, and for that reason it is not controlling, but point out no difference which would render it not controlling. We take note

of the fact that the courts of Illinois, in which defendant has its place of business, are in harmony with our ruling on this point in the Owen case. (See, *Mowery v. Washington Nat. Ins. Co.,* 289 Ill. App. 443, 7 N. E. 2nd 334, citing the earlier case of *Porter v. Continental Casualty Co.,* 277 Ill. App. 492.)

Appellant contends the policy here involved is more like the policy before the court in *Hildebrand v. Washington National Ins. Co.* 155 Kan. 220, 124 P. 2d 510. The contention is not well taken. In that case the plaintiff relied on a statement on the filing back of the policy in 18 point bold face type. This was evidently done in compliance with the statute (G. S. 1949, 40-1109 (a) (5), which requires a brief description of the policy be printed on the first page and on its filing back in type in which the face shall not be smaller than 14 point. That was never intended to be a part of an insurance clause, but simply a general description of the type of the policy. In that case the insurance clause (set out at page 223 of the opinion), with all of its exceptions and limitations, was printed in the same size type. So, the case is not in point here. Appellant also cites *Ewins v. Washington Nat. Ins. Co.,* 295 Mich. 602, 295 N. W. 329, as sustaining the view that the clause in question is a limitation as distinct from an exception. In fact the court did not decide the question in that case, but based its ruling upon the view that the difference in the type of the policy before it was "acceptable and substantially accorded with the requirements of the statute," a view in which we do not concur. The result is that appellant's contention on this point is not well taken.

Appellant next contends that the evidence is insufficient as a matter of law to sustain the burden of proof that the insured's death resulted directly and solely from bodily injuries sustained by accidental means, as required under the insuring clause of the policy. We have examined the evidence and find the best that can be said for appellant is that there was some conflict in the testimony of the witnesses on that point. This conflict was for the trial court to determine. There is positive evidence that the death of the insured was the direct result of the injury.

Appellant contends this was an Illinois contract and that the Illinois statute, set out in the answer, pertaining to an allowance for an attorney's fee should govern. The trial court held the contract was a Kansas contract. We agree with that holding.

These legal questions presented by appellant, and our holdings thereon, are the same whether recovery was computed under Part I or under Part II of the policy. In the trial court it was the contention of plaintiff that the computation should be made under Part I of the policy, and as we have seen, the trial court followed that view and so computed the amount of recovery. The defendant in the trial court contended that any recovery allowed should be computed under Part II of the policy. We are inclined to agree with that view. One of the material findings made by the trial court reads:

"That on September 30, 1948, the insured, Joseph N. See, while driving his own automobile, collided with another automobile, causing him to sustain accidental injuries from which he died as a result thereof on November 22, 1948."

And the beginning of the first conclusion of law made by the trial court reads:

"Having reached the conclusion that the insured met his death from injuries received in an automobile accident, the next step is to determine whether such death came within the provisions of the policy on which this action is based, and if so, to what extent. . . ."

So the court's legal conclusion was that the death resulted from injuries received "in an automobile accident," which brings it under Part II rather than Part I of the policy. After full consideration this court concurs in that view. Hence, the computation of the judgment should have been made under Part II of the policy. The insured was past his seventy-sixth birthday at the time of his death. The computation of the judgment under Part II should be one-half of $500, less ten per cent, or $225. The result is that the judgment of the district court must be modified by reducing the judgment to $225, to bear interest at the rate of six per cent per annum from November 22, 1948, and for costs and for the attorney's fee as allowed by the court.

It is so ordered.