**Joan H. DUGGAN, individually, as heir at law of John M. Duggan, and as executrix of the Estate of John M. Duggan, Plaintiff,**

v.

**MASSACHUSETTS MUTUAL LIFE INSURANCE CO., and Richard D. Rooney, Defendants.**

**Civ. A. No. 89–4032–S.**

United States District Court, D. Kansas.

April 17, 1990.

Thomas E. Wright, Davis, Wright, Unrein, Hummer & McCallister, Topeka, Kan., for plaintiff.

Charles R. Hay, Goodell, Stratton, Edmonds & Palmer, Frank Eschmann, Ascough, Eschmann, Oyler, P.A., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for summary judgment against defendant Massachusetts Mutual Life Insurance Company (hereafter referred to as "Massachusetts Mutual"). Because plaintiff is not seeking summary judgment against defendant Richard D. Rooney, the court will consider plaintiff's motion as a motion for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

*Defendant Massachusetts Mutual's Motion for Certification*

In addition, Massachusetts Mutual has moved the court to certify to the Kansas Supreme Court the question of law presented in this case regarding the effect of a conditional receipt of insurance. Because the court finds that controlling precedent exists, defendant's request for certification will be denied. *See Fretz v. Keltner,* 109 F.R.D. 303, 305 (D.Kan.1985) (stating that use of the certification procedure provided by K.S.A. 60–3201 is discretionary with the court).

*Plaintiff's Motion for Summary Judgment*

With regard to plaintiff's motion for summary judgment against defendant Massachusetts Mutual, the general standard may be stated as follows. A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

## STATEMENT OF FACTS

The court finds that the following facts are not genuinely disputed. In May 1988, John M. Duggan met with Richard D. Rooney, an agent of defendant Massachusetts Mutual Life Insurance Company, to discuss planning for his retirement and to purchase life insurance. Massachusetts Mutual is a life insurance company with its principal place of business in Springfield, Massachusetts. Rooney is a resident of Anapolis, Maryland. Part two (the medical portion) of the application for insurance with defen-

dant Massachusetts Mutual was completed on September 14, 1988 by Barbara L. Simmer, L.P.N., at Topeka, Kansas. The application reports an examination by Dr. Howard Ward on September 6, 1988. John Duggan completed part one of the application on September 19, 1988. The application material was mailed by Rooney from Anapolis, Maryland to Duggan in Topeka, Kansas; upon completion in Topeka, Duggan mailed the application materials and check back to Rooney in Maryland.

On September 19, 1988, John Duggan and Richard Rooney executed a conditional receipt whereby Massachusetts Mutual acknowledged receipt of the first premium for the proposed policy from Duggan in the amount of $732.11. The conditional receipt indicates that it was signed at Topeka, Kansas. The conditional receipt issued to Duggan contained the following language, typewritten in boldface:

> This receipt does not create any temporary or interim insurance. However, it does set the date when the insurance under the policy (or reinstatement) applied for will become effective if all required conditions are met. For example, that date could be the date this receipt is signed.
>
> .   .   .   .   .
>
> I have read this receipt and have received a signed copy of it. I understand that it states when the insurance (or reinsurance) applied for will become effective if all required conditions are met, but that it does not provide any temporary or interim insurance. I agree to the terms, conditions, and limits of this receipt.

On September 26, 1988, Rooney submitted the completed application to Massachusetts Mutual. On September 28, 1988, Massachusetts Mutual deposited the $732.11 check for the initial premium.

On October 27, 1988, Massachusetts Mutual conditionally issued the policy on the life of John Duggan. On October 28, 1988, Massachusetts Mutual sent a request for an attending physician statement to Dr. Howard Ward, Duggan's personal physician. The request was misaddressed and was not received by Dr. Ward. On October 31, 1988, the policy which had been conditionally issued on October 27, 1988 was mailed from Massachusetts Mutual to Rooney. On November 9, 1988, November 17, 1988, and November 21, 1988, Massachusetts Mutual sent attending physician statement requests to Dr. Howard Ward.

On November 30, 1988, John Duggan died. On December 1, 1988, Dr. Ward sent a copy of Duggan's medical records for the period of September 1988 until Duggan's death to Massachusetts Mutual. Upon review of the attending physician's statement, Massachusetts Mutual determined that Duggan was uninsurable. On December 28, 1988, Massachusetts Mutual informed plaintiff Joan Duggan that the policy would not issue and attempted to return the initial premium in the amount of $732.11.

## DISCUSSION AND CONCLUSIONS OF LAW

As an initial matter, the court finds that defendant's argument that plaintiff has not pled a breach of contract claim is without merit, since a breach of contract claim clearly appears in plaintiff's amended complaint (¶ 26).

■ Defendant contends that the law of Massachusetts, not Kansas, should apply in this case. In determining which state's law applies in this situation, this court must look to Kansas choice of law rules. *See Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 491, 61 S.Ct. 1020, 1020, 85 L.Ed. 1477 (1941). Under the traditional approach to choice of law still applied in Kansas, the law of the state where the contract is made controls its construction. *St. Paul Surplus Lines Ins. Co. v. International Playtex, Inc.*, 245 Kan. 258, 269, 777 P.2d 1259, 1267 (1989), *cert. denied,* — U.S. —, 110 S.Ct. 758, 107 L.Ed.2d 774 (1990). The contract is made where the last act necessary for contract formation is completed. *Id.* Defendant argues that the last act to be done in issuing the insurance policy in this case was the determination by the company that the proposed insured was an acceptable risk. Because this determina-

tion would have occurred in Massachusetts Mutual's home office in Springfield, Massachusetts, defendant argues that Massachusetts law should apply in determining the effect of the conditional receipt issued to Duggan.

The court, however, finds that plaintiff seeks to recover under a contract of temporary insurance which was made when a receipt was issued for the initial premium. The conditional receipt in this case was prepared by Massachusetts Mutual's agent, Richard Rooney, in Maryland and mailed to Kansas, where it was signed by the applicant, John Duggan, a Kansas resident. Duggan paid the initial premium by mailing a check from Kansas to the agent in Maryland. The receipt states that it was "signed at Topeka, Kansas." The court finds that the contract of temporary insurance at issue in this case was made in Kansas where the conditional receipt was signed and from which the initial premium payment was sent. Therefore, Kansas law applies. *See Tripp v. Reliable Life Ins. Co.*, 210 Kan. 33, 499 P.2d 1155, 1156 (1972) (applying Kansas law although the defendant company had its home office in Missouri and the application was to be reviewed in Missouri); *See v. United Ins. Co.*, 171 Kan. 146, 230 P.2d 1008, 1011 (1951) (finding that where the proposed insured fills out an application in Kansas and mails it and the premium to an out-of-state company and the company issues the policy, mailing it back to the Kansas resident, the insurance policy is made in Kansas). In addition, the court finds that applying Kansas law to this matter is appropriate to further important Kansas public policy interests concerning protection of Kansas resident insurance applicants. *See St. Paul Surplus Lines Ins. Co.*, 245 Kan. at 270, 273, 777 P.2d at 1267.

■ The issue in this case is whether the conditional receipt given by Massachusetts Mutual to John Duggan, notwithstanding the existence of receipt language expressly disclaiming the creation of any temporary insurance, gave rise to a temporary contract of insurance as a matter of Kansas law or Kansas public policy. Kansas courts have considered the effect of temporary receipts of insurance supported by the payment of the initial premium. *Service v. Pyramid Life Ins. Co.*, 201 Kan. 196, 440 P.2d 944 (1968) and *Tripp v. Reliable Life Ins. Co.*, 210 Kan. 33, 499 P.2d 1155 (1972). Succinctly stated, the rule announced in these cases is:

> When an application for life insurance is made, and the company receives the initial premium and issues a receipt therefor, as disclosed by the record herein, a policy of temporary insurance is created and said policy of temporary insurance continues in effect until the insurance company declines the application, notifies the insured, and returns the premium, notwithstanding the provisions of the application and the receipt to the contrary.

*Tripp*, 210 Kan. at 33, Syl. ¶ 3, 499 P.2d at 1155, Syl. ¶ 3. Kansas courts have thus stated that as a matter of public policy in Kansas, it is fundamentally unfair to allow an insurer to collect a premium while providing no coverage for the period reserved by the insurer to consider and act upon the application. *Service*, 201 Kan. at 212, 440 P.2d at 957. A conditional receipt for the first premium, such as that issued to Duggan, gives rise to a temporary policy of insurance which remains in place until terminated by the insurer. Under Kansas law, conditions stated in the receipt are construed as conditions subsequent, providing the basis upon which the insurance company may determine not to accept the risk during the insured's lifetime. Because Massachusetts Mutual did not determine prior to Duggan's death that it would not accept the risk, under Kansas law it is obligated to the plaintiff under the terms of the conditional receipt. Thus, liability under the conditional receipt arises as a matter of public policy, "notwithstanding the provisions of the application and the receipt to the contrary." *Tripp*, 210 Kan. at 38, 499 P.2d at 1159.

The rule adopted by Kansas courts in *Service* and in *Tripp*, called the "doctrine of interim insurance," is based upon the reasonable expectations of the insured, the rationale being that the insured reasonably expects that he is getting something when

he pays his initial premium to the insurance company. In his treatise, Appleman discusses this rule as follows:

As will be seen, a rule is rapidly coming to the fore, which is called the 'reasonable expectations of the insured' (actually applicant), or 'rule of unconscionability'. Even without such language, many current decisions now hold that, at the moment the binder is given, a contract of interim insurance arises which binds the company in the event of loss prior to its rejection. Should death occur, it will have earned the premium, and may retain it. If death does not occur, it must return it. Some may say that this involves the giving of 'free insurance'. That is true, but this very fact may well expedite action by the insurer which has no desire to grant unpaid insurance for any longer period than necessary.

If the industry protests overmuch about this result, it is well to go back to the problems pointed out in the inception of this discussion [regarding the life insurer's need to evaluate the potential risk and the applicant's need to obtain coverage for the interim evaluation period]. The reason it takes the time to evaluate the matter is its reluctance to become bound upon a *permanent* policy until it has had an opportunity for complete underwriting. By issuing a conditional binder, it retains the opportunity for evaluation and refusal; and liability actually will arise in only a minute fraction of instances, increasing as delays increase. The applicant, on his part, is not seeking a short period of free protection. He is seeking a lifetime contract which he does not secure under this arrangement. Neither party secures everything he wishes; both receive some benefit. This would seem the fairest compromise between what each desires and what he, in actuality, receives.

Accordingly, it would seem that the doctrine mentioned, which is coming more frequently to be accepted by the courts, may represent a rule of reason.

12A J. Appleman, *Insurance Law & Practice* § 7237, at 189 (1981) (emphasis in original).

Given the clear statement by Kansas courts that conditional receipts, as a matter of public policy, give rise to temporary insurance, the court finds without merit defendant Massachusetts Mutual's arguments that the conditional receipt in this case is merely a simple contract governed by its unambiguous language. The court finds that the case law from other jurisdictions cited by defendant is not controlling. The court further finds that defendant's attempt to distinguish this case from *Service* and *Tripp* is unpersuasive. In all three situations, a life insurance company taking an application from a Kansas resident issued a conditional receipt when the initial premium was paid and failed to inform the proposed insured of a decision to reject the application during the proposed insured's lifetime. Because the court finds that there are no disputed issues of material fact, and because Kansas law in this matter is applicable and unambiguous, the court will grant plaintiff's motion for summary judgment against defendant Massachusetts Mutual.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for certification is denied.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment against defendant Massachusetts Mutual Life Insurance Company is hereby granted.