**Joan H. DUGGAN, individually as heir at law of John M. Duggan, and as executrix of the estate of John M. Duggan, Plaintiff,**

v.

**Richard D. ROONEY, Defendant.**

**Civ. A. No. 89–4032–S.**

United States District Court, D. Kansas.

Sept. 28, 1990.

236

Thomas E. Wright, Davis, Wright, Unrein, Hummer & McCallister, Topeka, Kan., for plaintiff.

Frank Eschmann, Ascough, Eschmann, Oyler, P.A., Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on motion of defendant Richard D. Rooney ("Rooney") for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. This is a tort action arising out of the alleged negligence of an insurance agent with respect to the issuance of a life insurance policy by Massachusetts Mutual Life Insurance Company ("Massachusetts Mutual").

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

For purposes of defendant's summary judgment motion, the court adopts as a summary of undisputed facts the Statement of Facts incorporated in its April 17, 1990, Memorandum and Order granting plaintiff, Joan H. Duggan's (hereafter referred to as "plaintiff" or "Duggan"), motion for summary judgment against defendant Massachusetts Mutual. 736 F.Supp. 1072.

*I. Failure to State a Claim*

In this case, plaintiff contends that Rooney's failure to be licensed in the state of Kansas when he solicited the decedent constituted a breach of legal duty owed to Duggan. Plaintiff bases her contention upon the fact that K.S.A. 40–244 requires insurance agents to be licensed in Kansas prior to the solicitation of insurance contracts in the state of Kansas. Plaintiff further contends that this breach of duty resulted in a delay in the processing of the decedent's application for life insurance so that plaintiff had to sue on the conditional receipt to recover insurance proceeds. Plaintiff contends that if Rooney had been licensed at the time of decedent's application, a life insurance policy would have been issued. Thus, she would not have had to institute litigation in order to recover the policy proceeds. In addition, plaintiff alleges defendant was negligent in not inquiring as to the status of the decedent's application. Further, plaintiff alleges that defendant was negligent in his representation to the decedent that "everything was looking good" despite his lack of a Kansas license.

In response, defendant contends that plaintiff was harmed not because of defendant's failure to be licensed; rather, defendant asserts that the delay in the processing of Duggan's application was caused by the negligence of his former co-defendant, Massachusetts Mutual. Defendant further contends that the duty which allegedly has been breached is one owed by Massachusetts Mutual to act promptly upon the submission of an application. Last, defendant argues that because a policy of insurance was found to exist under the conditional receipt, plaintiff has suffered no injury, and therefore, defendant is not liable as a matter of law.

In support of his motion for summary judgment, defendant Rooney first contends that plaintiff has failed to state a claim because defendant has not breached a legal duty. In order to state a claim of negligence in Kansas, the plaintiff must "establish a duty of reasonable care owed by the defendant to the plaintiff, a breach of that duty, damage to plaintiff, and a causal connection between the duty breached and the damage sustained." *Baker v.*

*City of Garden City*, 240 Kan. 554, 731 P.2d 278, 280 (1987) (citation omitted). In *Marshel Investments, Inc. v. Cohen*, 6 Kan.App.2d 672, 634 P.2d 133, 141 (1981), the Kansas Court of Appeals stated that "an insurance agent or broker ... owes to the client a duty to exercise the skill, care, and diligence that would be exercised by a reasonably prudent and competent insurance agent or broker acting under the same circumstances."

██ The court finds that under *Marshel Investments, Inc.*, defendant Rooney, as an insurance agent, owes a legal duty to plaintiff to "exercise the skill, care and prudence that a reasonably prudent and competent insurance agent or broker" would exercise when soliciting life insurance policies. 634 P.2d at 141.[1] The duty owed is a duty which arises out of "both an implied contractual term of the undertaking (contract duty) and a part of the fiduciary duty owed the client by reason of the principal-agent relationship arising out of the undertaking (tort duty)." *Id.* at 142. The court further finds that whether defendant deviated from the standard of a "reasonably prudent and competent insurance agent or broker" by his failure to be licensed in Kansas is a question of fact which is uniquely suited for the jury. Thus, the court finds that plaintiff has properly pleaded a legal duty upon which a cognizable claim may be based. Therefore, the court will not grant summary judgment for defendant on grounds that plaintiff fails to state a claim.

██ Plaintiff further alleges that defendant was negligent as a matter of law because he breached a statutory duty which requires that Rooney be licensed in Kansas prior to soliciting insurance contracts in the state of Kansas. In Kansas, actions may be brought under the theory of negligence *per se*. *Plains Transp. of Kan., Inc. v. King*, 224 Kan. 17, 25, 578 P.2d 1095, 1101 (1978). "Breach of a duty imposed by law or ordinance may be negligence per se, unless the legislature clearly did not intend to impose civil liability."

*Ling v. Jan's Liquors*, 237 Kan. 629, Syl. ¶ 4, 703 P.2d 731 (1985). The elements of a negligence *per se* action are: "(1)[a] violation of a statute, ordinance or regulation and, (2) the violation must be the cause of the damages resulting therefrom." *Id.* 578 P.2d at 1101 (citation omitted). In this case, plaintiff alleges that defendant Rooney violated K.S.A. 40–244 which requires that Rooney have a license in the state of Kansas prior to accepting an application for insurance executed in Kansas. The express language of this provision in relevant part is as follows:

> [i]t shall be unlawful for any person, without conforming to the provisions of this code, to represent himself or herself to be the agent of any insurance company, or, as agent, to negotiate, effect or attempt to effect any contracts of insurance, suretyship or indemnity or renewal thereof within this state.

K.S.A. 40–244. The court finds that K.S.A. 40–244 does impose a statutory requirement that defendant be licensed in the state of Kansas because K.S.A. 40–241 specifically mandates licensure of defendant Rooney. Further, it is undisputed by the parties that at the time the life insurance policy was executed in Kansas defendant did not have a Kansas license to sell insurance.

Thus, the next issue becomes whether violation of the above statutory requirement may be the foundation for a negligence *per se* action. In *Noland v. Sears, Roebuck & Co.*, 207 Kan. 72, 483 P.2d 1029, 1032 (1971), the Kansas Supreme Court stated, "[i]t is the unquestioned rule of this jurisdiction that the breach of a duty imposed by law or ordinance constitutes negligence *per se*, providing a basis for the recovery of damages proximately resulting therefrom." (citation omitted). Thus, on the undisputed facts before the court, the court finds that plaintiff has pleaded a cause of action under a negligence *per se* theory under Kansas law, and the court will, therefore, deny defendant's motion for summary judgment in regard to defen-

---

**1.** The court finds defendant's argument that this duty only applies to cases where the agent failed to procure an insurance policy to be unpersuasive.

dant's contention that defendant has failed to state a claim.

## II. Proximate Causation

 Under Kansas law, negligence is actionable only where the breach of duty is the actual and proximate cause of the injury. *Baker*, 731 P.2d at 280. Likewise, in actions asserting negligence *per se*, a statutory violation is only actionable where there is a causal connection between the violation and the damages sustained. *Williams v. Esaw*, 214 Kan. 658, 522 P.2d 950, 953 (1974). The Kansas Supreme Court defines proximate cause as "[t]he proximate or legal cause of an injury ... which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act." *Baker*, 731 P.2d at 280 (citing *Wilcheck v. Doonan Truck & Equip., Inc.*, 220 Kan. 230, 235, 552 P.2d 938 (1976)). Further, "[w]hether conduct in a given case is the cause in fact or proximate cause of plaintiff's injuries is normally a question of fact for the jury." *Id.* 731 P.2d at 281 (citing *Durflinger v. Artiles*, 234 Kan. 484, 488, 673 P.2d 86 (1983)).

Plaintiff contends that the negligence of defendant Rooney, *i.e.*, not being licensed in Kansas, delayed the processing of the decedent's application so that the policy of insurance was not issued during the lifetime of the insured. In support of her contention, plaintiff offers deposition testimony from two witnesses. The first evidence consists of testimony by Dennis E. Hill ("Hill") regarding practices of the insurance industry. Hill testified that life insurance companies stop underwriting when it is discovered that an application has been submitted by an agent who is not licensed in the state where the application is signed. (Hill Depo., p. 33.) Plaintiff also offers deposition testimony of Massachusetts Mutual's underwriting agent, Jesse E. Spencer, Jr. ("Spencer"). In his testimony, Spencer stated that, "[w]e could not approve the case until the licensing in that particular state had been approved." (Spencer Depo., p. 39)

For his motion for summary judgment, defendant replies that his alleged negligence was not the proximate cause because the negligence of his former co-defendant, Massachusetts Mutual was an intervening act which cut off his liability. Defendant states that the policy was on hold because the application was mishandled by Massachusetts Mutual. In support of his argument that his lack of licensure did not cause a delay, defendant offers the deposition testimony of Spencer where upon review of the underwriting worksheet Spencer states, "[w]e could proceed on the basis that [the agent] was licensed." (Spencer Depo., p. 40) In further support of defendant's argument, defendant submits admissions made by codefendant Massachusetts Mutual to defendant Rooney pursuant to Rule 36 of the Federal Rules of Civil Procedure. The substance of the admissions submitted indicate that decedent's application was placed in "hold file" status through no action or fault of defendant Rooney.[2]

In viewing the evidence most favorably toward the nonmoving party, plaintiff Duggan, the court finds a genuine dispute exists concerning a material fact, *i.e.*, the proximate cause of the delay in the issuance of a policy to the decedent. The court finds that plaintiff has presented affirmative evidence from which an inference may be drawn that defendant Rooney's lack of a license delayed the processing of

---

**2.** Defendant further asserts that these admissions prove that his lack of licensure was not the proximate cause of plaintiff's injury. Rooney admits that he was not licensed at the time the application was submitted, however, he states that he was licensed shortly thereafter, long before Massachusetts Mutual rejected the decedent's application. The court finds that the admission of Massachusetts Mutual is not conclusive of the factual issue of whether Defendant Rooney's failure to be licensed caused a delay in processing of decedent's application. *See Champlin v. Oklahoma Furniture Mfg. Co.,* 324 F.2d 74, 76 (10th Cir.1963) ("[t]he submission of requests for admissions by a litigant does not, in and of itself, bind the litigant to the truth or existence of the facts contained in the answers to the requests.").

the decedent's application. Moreover, because the determination of proximate cause is a determination suited for the trier of fact, the court will deny defendant's motion for summary judgment in regard to its argument that defendant Rooney's alleged negligence was not the proximate cause of plaintiff's injury.

### III. Damages

Defendant's last argument in support of his motion for summary judgment is that plaintiff has not suffered any loss, and therefore, she is not entitled to any recovery. First, defendant argues that plaintiff is attempting to recover consequential damages which she is not entitled to recover from defendant Rooney. Plaintiff seeks to recover damages consisting of the expenses she incurred from a short-term loan taken out to cover living expenses pending the collection of insurance proceeds. Defendant asserts that because Massachusetts Mutual paid out the policy proceeds and prejudgment interest pursuant to a settlement agreement with plaintiff, she has suffered no loss. However, plaintiff contends she is attempting to recover the costs she has incurred in collecting the insurance proceeds.

■ In Kansas, a tortfeasor is liable for the "injury and loss that are the natural and probable result of his wrongful act." *Ettus v. Orkin Exterminating Co., Inc.*, 233 Kan. 555, 665 P.2d 730, 737 (1983). Because plaintiff's cause of action sounds in tort, plaintiff is not suing for consequential damages; rather, she is suing to recover all damages which proximately resulted from defendant's alleged breach of duty. Defendant replies that the specific damages which plaintiff alleges are consequential damages arising out of Massachusetts Mutual's breach of contract. Defendant further contends that because Massachusetts Mutual was held liable for breach of contract, he should not be held liable for consequential damages arising out of Massachusetts Mutual's breach of contract. The court finds that whether plaintiff's alleged damages were the result of defendant Rooney's alleged negligence or of

Massachusetts Mutual's breach of the insurance contract is a factual issue which is to be resolved by the finder of fact. Thus, the court will deny defendant's motion for summary judgment in regard to his contention that plaintiff may not recover damages arising out of Massachusetts Mutual's failure to pay out the proceeds of insurance policy.

■ Next, defendant contends that plaintiff is not entitled to punitive damages because plaintiff has not pleaded any facts or circumstances giving rise to a fiduciary relationship. Defendant further contends that plaintiff has never pleaded or demanded punitive damages, or facts which would give rise to an award of punitive damages against defendant Rooney. Plaintiff responds that she is entitled to punitive damages because defendant Rooney owed a fiduciary duty to the decedent and that punitive damages are recoverable in cases of breach of fiduciary duty. Under Kansas law, punitive damages are proper where breach of fiduciary duty is alleged. *See Oberhelman v. Barnes Inv. Corp.*, 236 Kan. 335, 690 P.2d 1343 (1984); *Ford v. Guarantee Abstract & Title Co.*, 220 Kan. 244, 553 P.2d 254, 270 (1976).

■ In plaintiff's first amended complaint she alleges that defendant Rooney was negligent in failing to obtain a Kansas license and/or associate with a licensed Kansas broker, and thereby caused a delay in the processing of the decedent's life insurance policy. In response to defendant's present motion plaintiff now contends that the failure to obtain a Kansas license evinces a "reckless indifference to the plaintiff's rights." Plaintiff's Response to Defendant Rooney's Motion for Summary Judgment, at 18. In reviewing plaintiff's first amended complaint, the court finds that plaintiff alleged facts which support an inference that defendant breached a legal duty. Moreover, the duty breached may properly be characterized as a fiduciary duty under Kansas law. *See Marshel Investments, Inc.*, 634 P.2d at 141. Thus, the court finds which plaintiff has made specific allegations in her first amended complaint that would support the recovery of punitive

damages. Therefore, the court will deny defendant's motion for summary judgment with respect to plaintiff's contention seeking punitive damages.

■ Last, defendant contends that plaintiff is not entitled to recover attorney fees incurred in the collection of the insurance proceeds. Defendant initially contends that plaintiff has not requested attorney fees in her complaint, and thus, she may not recover attorney fees because attorney fees are special damages which must be specifically alleged. Upon review of plaintiff's complaint, the court finds that plaintiff has sought damages including "costs, fees and expenses incurred by plaintiff in the collection of the proceeds of this policy." (Plaintiff's First Amended Complaint, at ¶ 35.) Given the literal pleading standards of the federal rules, the court finds that this phrase could reasonably include attorneys' fees.

■ Thus, the court will next consider whether plaintiff may seek to recover attorneys' fees incurred in the collection of the policy proceeds against Massachusetts Mutual. The general rule regarding recovery of attorneys' fees is that "in the absence of any contractual or statutory liability therefor, counsel fees and related expenses are not recoverable as an element of damages." *Wilshire Oil Co. v. Riffe*, 409 F.2d 1277, 1285 (10th Cir.1969); *Farmers Cas. Co. v. Green*, 390 F.2d 188, 192 (10th Cir.1968) ("under Kansas law and traditionally, attorneys' fees can be awarded only if provided for by contract or authorized by statute").

However, an exception to this rule has been recognized in Kansas where the plaintiff has been forced to litigate against a third party because of some tortious conduct of the defendant. The recognized exception is stated as follows:

> If one's property is taken, injured or put in jeopardy by another's neglect of duty imposed by contract, or by his wrongful act, any necessary expense incurred for its recovery, repair or protection is an element of the injury. It is often the legal duty of the injured party to incur such expense to prevent or limit the dam-

ages; and if it is judicious and made in good faith, it is recoverable, though abortive.

*McOsker v. Federal Ins. Co.*, 115 Kan. 626, 224 P. 53, 55 (1924). In this case, plaintiff seeks to recover from defendant Rooney attorneys' fees incurred while suing Massachusetts Mutual. Plaintiff argues that defendant's alleged tortious conduct was the proximate cause of plaintiff's expenditure of attorneys' fees.

■ Defendant contends that the exception stated in *McOsker* does not apply to the facts of this case because the exception applies only where there has been a prior action. Although the recognized exception is generally applied in subsequent actions, the court finds that the rationale for the exception applies to this case. The court bases its conclusion on the fact that plaintiff allegedly was forced to litigate against a third party (former co-defendant Massachusetts Mutual) as a result of defendant Rooney's alleged negligence. Thus, the rationale of litigation necessitated by conduct of a third party is the same. Plaintiff arguably could have filed separate actions against Massachusetts Mutual and defendant Rooney, and thus, would have fallen squarely within the exception. However, the interest of judicial economy would be undermined if plaintiff were forced to bring two separate lawsuits involving similar factual issues. Thus, in viewing the facts most favorably toward the plaintiff, the court will deny defendant's motion for summary judgment in regard to attorneys' fees as the plaintiff has presented evidence which supports an inference that plaintiff was forced to sue Massachusetts Mutual because of defendant Rooney's alleged negligence.

IT IS BY THE COURT THEREFORE ORDERED that motion of defendant Richard D. Rooney for summary judgment is denied.